AMERICAN IMAGE CORPORATION, etc., Plaintiff,

v.

UNITED STATES POSTAL SERVICE and John R. Strachan, Postmaster, etc., Defendant.

No. 73 Civ. 3562.

United States District Court, S. D. New York, Civil Division.

Jan. 14, 1974.

Bass & Ullman, New York City, for plaintiff; Robert Ullman, New York City, of counsel.

Paul J. Curran, U. S. Atty., New York City, by Taggart D. Adams, Asst. U. S. Atty., New York City, of counsel, for defendant.

WHITMAN KNAPP, District Judge.

This is an action by plaintiff to enjoin the Postal Service from enforcing Order No. 73–86 issued pursuant to 39 U.S.C. § 3005. The effect of the Order is to intercept mail and payments sent to plaintiff in connection with a scheme perpetrated by plaintiff to obtain money by means of representations deemed by the Postal Service to be false. Jurisdiction rests on 39 U.S.C. § 409. Both parties move for summary judgment.

The following facts are undisputed:

In April, 1972, the Postal Service initiated administrative proceedings against plaintiff by filing a complaint under 39 U.S.C. § 3005 based on plaintiff's advertisements for its cosmetic product called " 'Baby Face' Formula." Plaintiff filed an Answer to the complaint.

On May 31, 1972, plaintiff and the Postal Service signed a Compromise Agreement. The Agreement provided inter alia that the Postal Service would suspend further proceedings against plaintiff, and in return plaintiff consented (1) to discontinue use of the offending advertisement, and (2) to a procedure whereby "A breach of this agreement . . . will warrant the issuance of an order pursuant to [39 U.S.C. § 3005], . . . provided that the undersigned . . . is first served with a copy of the petition for such order."

In June, 1973, the Postal Service filed such a petition, claiming that the Compromise Agreement had been breached by use of a subsequent advertisement for " 'Baby Face' Formula." Plaintiff answered the petition. On July 19, 1973, a Judicial Officer for the Postal Service made a finding that plaintiff had breached the Agreement and the § 3005 Order here sought to be enjoined.

The questions presented are:

(1) Whether plaintiff should have been afforded a full administrative hearing prior to issuance of the adverse finding and Order;

(2) if the first question is decided in the negative, what evidentiary standard should be applied to review the administrative action here challenged, and

(3) applying the proper standard, whether the administrative action should be upheld or overturned.

As to the first question, the court has no doubt that by signing the Compromise Agreement plaintiff waived its right to a hearing on the issue of (1) whether its original advertisment contained the alleged false representations, and (2) whether the subsequent advertisement constituted a breach of the Compromise Agreement. Plaintiff's argument to the contrary is completely unpersuasive in that any interpretation of the Compromise Agreement other than the one above stated renders meaningless the consideration given by plaintiff

in return for the suspension of proceedings by the Postal Service. See Judge Palmieri's well-reasoned discussion in U. S. Bio-Genics Corp. v. Christenberry (S.D.N.Y.1959) 173 F.Supp. 645.

■■ As to the second question, the court is of the view—and counsel agree—that a de novo review of the administrative finding is permissible under these circumstances—viz., where no hearing was held nor testimony taken. To determine whether plaintiff breached the Agreement all that is required is an examination of the exhibits, and the Court is in as good a position as the Judicial Officer to so examine them. Compare Mark Eden v. Lee (9th Cir. 1970) 433 F.2d 1077, and Baslee Products Corp. v. United States Postal Service (D.N.J.1973, Judge Lacey) 356 F. Supp. 841 (hearings held; thus "substantial evidence" standard applied).

■ Turning then to the final question, upon careful comparison of plaintiff's discontinued and "new" advertisements the court is persuaded of the correctness of the administrative finding.

The discontinued advertisement was originally complained of because it contained in substance the following false representations either expressly or impliedly:

(a) that if women used "'Baby Face' Formula" they would soon look years younger, (b) that if women used "'Baby Face' Formula," wrinkles, lines and flabbiness would disappear, and (c) that "'Baby Face' Formula" contains unique properties. Postal Service Complaint, paragraph 3, plaintiff's exhibit A annexed to Notice of Motion.

The originally offending ad annexed to the Postal Service Complaint is of the fervent testimonial variety. A bold headline proclaims "I LOOKED 20 YEARS YOUNGER . . . IN ONLY 2 SHORT MONTHS!!!" In the top right-hand corner are two "before and after" photographs of the ecstatic convert; however at least from the xeroxed copy of the ad submitted to the Court it is impossible to discern the basis for her ecstasy. The remainder of the advertisement consists largely of hosannas to the miraculous qualities and effects of "'Baby Face' Formula."

The "new" advertisement bears the identical headline save that it omits the adjective "20" that modified "years" in the original. The three false representations originally complained of appear in the new ad, albeit in a slightly less adamant fashion. Thus, as to the rejuvenating effect of the formula, the pictured convert still proclaims that her husband watched the change in her appearance with "disbelief," and that "I actually softened and smoothed out my skin tissues so that I now look years younger than I really am." The implication is plain that users will enjoy the same result.

As to wrinkles, lines and so on, the pictured woman in the new ad states that "years of telltale age lines seemed to fade from view in just 60 days" and that "facial lines, 'crows feet' and my flabby chin lines and puffy cheeks smoothed almost before my eyes."

Finally, the unique properties of the formula are extolled in language identical to that originally complained of, viz.: "It works in a completely new and different way from beauty preparations of the past."

Plaintiff seizes upon minor modifications concededly made in its new ad to support its contention that use of the new ad does not constitute a breach of its promise contained in the Compromise Agreement to discontinue use of the original advertisement. However, the court fully agrees with the judicial officer's finding that the thrust of the new ad with respect to the three false representations is the same as that of the old. The cases are clear that such advertisements are to be viewed not with a lawyer's eye to "fine spun distinctions" but with an eye to their over-all effect upon the average reader. Donaldson v. Read (1948) 333 U.S. 178, 68 S.Ct. 591, 92 L.Ed. 628 and cases cited. Applying that standard it is plain that the new ad continues to represent falsely the

properties and effects of " 'Baby Face' Formula." Its use thus does constitute a breach of the Compromise Agreement. Plaintiff perhaps should never have signed such agreement had it wished the opportunity to establish the validity of the claims made on behalf of its product. That opportunity is, however, now foreclosed.

Summary judgment granted to defendant and the complaint dismissed.

It is so ordered.