**UNITED STATES of America,**
**Plaintiff,**

v.

**INTERNATIONAL HARVESTER**
**COMPANY, Defendant.**

**Civ. A. No. 1990–73.**

United States District Court,
District of Columbia.

July 9, 1974.

Robert M. Werdig, Jr., Asst. U. S. Atty., Washington, D. C., for the United States.

Bert W. Rein, Bruce L. McDonald, Washington, D. C., for International Harvester Co.

MEMORANDUM AND ORDER

GESELL, District Judge.

This complaint in seventeen counts charges violations of Title I of the Na-

tional Traffic and Motor Vehicle Safety Act, 15 U.S.C. § 1391 et seq. Defendant is alleged to have failed to make timely reports and to provide certain information allegedly required under applicable regulations in connection with various campaigns designed to correct vehicle safety defects. Fines totaling $389,000 and an injunction are sought. International Harvester moved for dismissal or, alternatively, for a stay pending administrative proceedings, and both sides have cross-moved for summary judgment. After full briefs, accompanied by voluminous affidavits, the matter came on to be heard.

The Act provides that whoever violates its reporting provisions "shall be subject to a civil penalty of not to exceed $1,000 for each such violation." 15 U.S.C. § 1398(a). It also permits the National Highway Traffic Safety Administration, which administers the Act, to seek injunctive relief to restrain violations. 15 U.S.C. § 1399(a). Plaintiff filed this action seeking an injunction and imposition of the maximum $1,000 fine for each of the alleged violations without previously notifying defendant of its intention to do so or conducting administrative discussions of any kind between the parties. Nor has it published procedural rules indicating the manner in which it reached its decision to seek such enforcement. Defendant bases its motion to dismiss on the ground that it is entitled to a hearing, in accordance with published procedures, before judicial enforcement can be sought.

■ On examination of the relevant statutes, the Court is satisfied that defendant need not have been consulted or even notified prior to the filing of suit under the Act. The agency "may" compromise any civil penalty, 15 U.S.C. § 1398(b), but this permissive language negates the contention that an attempt to compromise is mandatory. And although the agency is directed, where practicable, to "give notice to any person against whom an action for injunctive relief is contemplated and afford him an opportunity to present his views, and, except in the case of a knowing and willful violation, . . . afford him reasonable opportunity to achieve compliance," that provision is immediately followed by the caveat that "failure to give such notice and afford such opportunity shall not preclude the granting of appropriate relief." 15 U.S.C. § 1399(a).

■■ This finding also disposes of defendant's demand for published procedures. If the agency does decide to hold hearings on alleged violations of the National Traffic and Motor Vehicle Safety Act, it undoubtedly must do so on the basis of regulations published in accordance with the Administrative Procedure Act, 5 U.S.C. § 552(a)(1). W. G. Cosby Transfer & Storage Corp. v. Froehlke, 480 F.2d 498 (4th Cir. 1973); Gonzalez v. Freeman, 118 U.S.App.D.C. 180, 334 F.2d 570 (1964). However, the statutory language quoted above convinces the Court that no such procedures need be followed if all prior consultation is avoided. This conclusion is bolstered by the Court's finding, discussed below, that a trial *de novo* is required prior to judicial enforcement of a civil penalty set without consulting the party to be punished. Under such a procedure, the due process considerations that lie behind the publication requirement in § 552 will be fully satisfied at trial, and the agency's decision to seek enforcement becomes—by its own choice—not an adjudication but merely a decision to prosecute. Such a preliminary determination requires the exercise of considerable discretion, and it does not itself deprive defendant of any property interest. Published procedures are therefore neither appropriate nor required.

■■ Turning to the merits, it is apparent from the cross-motions that this controversy cannot be settled by summary judgment. Defendant contends that many of the violations alleged did not in fact occur and certainly as to those a trial is necessary, since issues

of fact are still in dispute. In addition, the Court, sitting as a court of equity, must hear evidence before acting on a prayer for injunctive relief. This is particularly true in light of the statutory language noted above, which favors prior consultation, and of plaintiff's decision simultaneously to seek monetary and injunctive relief.

The parties also disagree with regard to the scope of the Court's review at trial. Defendant asserts that it is entitled to a trial de novo at which the Government must justify its proposed sanctions by a preponderance of the evidence. Plaintiff, on the other hand, contends that judicial review of the propriety of those sanctions is barred altogether because the assessment of penalties under the National Traffic and Motor Vehicle Safety Act is "committed to agency discretion by law." 5 U.S.C. § 701(a) (2). Alternatively, plaintiff argues that the Secretary's decision may only be overturned if it is found to have been "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

■■■ Plaintiff fails to attach sufficient significance to the fact that this case involves not a company's atttempt to gain judicial review of agency action but rather the Government's attempt to obtain judicial enforcement of such action. In such a situation, the Court will not lightly assume that Congress intended it blindly to enforce an executive decision, cf. United States v. J. B. Williams Co., 498 F.2d 414 (2d Cir. 1974), and in fact the legislative history indicates that the court as well as the agency is expected to determine the appropriateness of sanctions under the National Traffic and Motor Vehicle Safety Act. See S.Rep. No. 1301, 89th Cong., 2d Sess. 11 (1966). In any case, the enforcement standards set forth at 15 U.S.C. § 1398 (b) clearly take that statute out of the narrow exemption from judicial review carved out for wholly discretionary agency decisions. Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 410, 91

S.Ct. 814, 28 L.Ed.2d 136 (1971); Wong Wing Hang v. Immigration and Naturalization Service, 360 F.2d 715, 718–719 (2d Cir. 1966).

■■■ Some judicial review prior to enforcement is therefore required. Its scope will depend upon the procedures followed by the agency. Where, as here, a formal hearing on an administrative record is neither required nor provided, the Court is usually limited to the "arbitrary or capricious" standard suggested by the plaintiff. However, a trial de novo is appropriate in those unusual circumstances "when the action is adjudicatory in nature and the agency factfinding procedures are inadequate. . . ." Citizens to Preserve Overton Park v. Volpe, supra, 401 U.S. at 415, 91 S.Ct. at 823. An agency's procedures are not inadequate simply because no formal hearing is held, Camp v. Pitts, 411 U.S. 138, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973), but the Government's decision in the instant case to file suit before permitting the defendant even to present its views in writing or to request reconsideration provided a wholly inadequate basis for administrative factfinding and, in the absence of a subsequent judicial hearing de novo, would violate defendant's right to due process of law. See Jones v. Freeman, 400 F.2d 383 (8th Cir. 1968); Jordan v. American Eagle Fire Ins. Co., 83 U.S.App.D.C. 192, 169 F.2d 281 (1948); New Hampshire Fire Ins. Co. v. Murray, 105 F.2d 212 (7th Cir. 1939); Sierra Club v. Hardin, 325 F. Supp. 99, 113–114 (D.Alaska 1971). See also Administrative Procedure Act, Legislative History, 79th Cong., 2d Sess. 281–282 (1946). This case will therefore be set down for a prompt trial de novo.

■■■ The Court adopts this course reluctantly, because it shares the traditional judicial distaste for de novo factfinding concerning matters properly delegated by Congress to the expertise of a regulatory agency. No other course is available in the instant case, however,

because the agency has refused to discuss the matter with defendant, let alone conduct even minimally adequate factfinding to insure procedural fairness. Defendant has demanded a hearing and now correctly but belatedly maintains that the agency lacks the authority to conduct hearings without first publishing its procedures. If adequate rulemaking and hearing procedures are eventually established, the courts may be able to limit their review of future agency enforcement decisions to the traditional determination of whether or not such action was arbitrary or capricious. For now, however, the Government must be prepared to demonstrate by a preponderance of the evidence that its proposed sanctions against International Harvester are justified factually and legally.

It is therefore

Ordered that defendant's motions for dismissal, stay, or summary judgment are denied; and it is further

Ordered that plaintiff's motion for summary judgment is denied; and it is further

Ordered that there shall be a final pretrial conference in open court on September 19, 1974, at 4:00 p.m., by which time

(1) All discovery shall be completed;

(2) Written stipulations, if any, shall be filed;

(3) The names of all witnesses shall be exchanged;

(4) Any depositions to be offered at trial shall be marked by both parties, indicating the relevant portions; and

(5) Each party shall file a short pretrial brief citing principal contested facts and authorities relied upon; and it is further

Ordered that failure to comply with any of these pretrial requirements may, in the Court's sole discretion, result in dismissal or default; and it is further

Ordered that this case shall be set down for trial *de novo* on October 9, 1974, at 9:30 a.m.