**AMERICAN CONSUMER, INC., d/b/a American Consumer, Long N' Strong, STS Plan**

*v.*

**UNITED STATES POSTAL SERVICE et al.**

**Civ. A. No. 76–3379.**

United States District Court, E. D. Pennsylvania.

Jan. 12, 1977.

Charles B. Chernofsky, Weiss, Rothfarb & Kaminsky, New York City, for plaintiff.

Janice B. Adams, U. S. Postal Service, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

CAHN, District Judge.

### I. FACTUAL BACKGROUND

Before this court is a motion by the defendants for summary judgment and a motion by the plaintiff for a preliminary injunction. This dispute pertains to consent agreements entered into by the plaintiff with the United States Postal Service in which the latter agreed to suspend further proceedings under the postal false representation and lottery statute, 39 U.S.C. § 3005, involving two of the plaintiff's products (Long N' Strong and the Slim through Sleep Plan). In return, the plaintiff agreed that it would permanently discontinue its former promotional activities and that if a petition alleging a breach of this consent agreement were filed, the judicial officer would be authorized to issue an *ex parte* order detaining mail pending the final resolution of the issue. The consent agreements also provide the plaintiff with the right to answer the petition alleging breach of the agreement. The consent agreements set out the procedures to be followed in determining whether the agreement has been breached and who is to make that determination. Neither party alleges that fraud or coercion was used in reaching this agreement. Therefore, this court finds that the plaintiff entered this agreement voluntarily and with full knowledge of its consequences.

On September 23 and 24, 1976, the Postal Service filed petitions for breaches of the consent agreements. The plaintiff filed replies, and the judicial officer (person designated as decision maker by the consent agreements) found the plaintiff in breach of the consent agreements and issued a stop mail order described in 39 U.S.C. § 3005(a).

As a result of these stop mail orders the plaintiff has petitioned this court for a preliminary injunction prohibiting the defendants from enforcing their orders.[1] The defendants have filed a motion for summary judgment alleging no genuine issue of a material fact.

## II. EFFECT OF THE CONSENT AGREEMENTS

■ As a result of the consent agreements the plaintiff is bound by the procedures set forth in the agreements for determining whether a breach has been committed. In addition, the plaintiff has waived its right to litigate whether the present or former advertisements were actually fraudulent. The only question that remained for the judicial officer as a result of the agreement was whether the consent agreement was violated. *United States Bio-Genics Corp. v. Christenberry*, 173 F.Supp. 645 (S.D.N.Y.),*aff'd*, 278 F.2d 561 (2d Cir. 1960); *see American Image Corp. v. United States Postal Serv.*, 370 F.Supp. 964 (S.D.N.Y.), *aff'd*, 503 F.2d 1397 (2d Cir. 1974). The consent agreement also precludes the plaintiff from raising constitutional claims at this time. By agreeing to submit to the consent agreement the plaintiff has waived this defense. It is clear that one can knowledgably and intentionally waive a constitutional right. *Brookhart v. Janis*, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966).

The judicial officer concluded that a breach of the consent agreements had occurred. What remains for this court to decide is the proper scope of review and whether the decision of the judicial officer will withstand the proper review.

## III. STANDARD OF JUDICIAL REVIEW

■ The plaintiff argues, based on *American Image Corp. v. United States Postal Serv.*, *supra*, that *de novo* review of an administrative finding is proper under the circumstances that are present here, where no hearing was held or testimony taken. This court agrees with the plaintiff's reading of this case but takes issue with the conclusions reached therein. The *American Image Corp.* case is the only precedent found by this court and by the parties to support the proposition of a *de novo* review of this type administrative finding.

The proper scope of review in this type of proceeding is mandated by the Administrative Procedure Act, 5 U.S.C. § 706. *Mark Eden v. Lee*, 433 F.2d 1077 (9th Cir. 1970); *Institute for Weight Control, Inc. v. Klassen*, 348 F.Supp. 1304 (D.N.J.1972). "The express language of 5 U.S.C. § 706(2)(E) makes [the substantial evidence] standard of review applicable only to agency action taken after a mandatory hearing." *Twiggs v. U. S. Small Business Administration*, 541 F.2d 150, 152 (3d Cir. 1976); *National Nutritional Foods Ass'n v. Weinberger*, 512 F.2d 688 (2d Cir. 1975). Therefore, it would be improper for this court to use the substantial evidence standard of review.

In addition, a *de novo* review of the judicial officer's finding would be inappropriate. "[T]rial *de novo* is appropriate in those unusual circumstances 'when the action is adjudicatory in nature and the agency factfinding procedures are inadequate . .' An agency's procedures are not inadequate simply because no formal hearing is held . . ." *United States v. International Harvester Company*, 387 F.Supp. 1338, 1341 (D.D.C.1974). In the cases before this court the administrative factfinding procedures were adequate for the judicial officer to decide the issues before him. As was mentioned in Section II above, the judicial officer had to decide only whether the consent

---

1. The orders in question are Postal Service Orders No. 76–83 and 76–84 issued pursuant to 39 U.S.C. § 3005. Jurisdiction is based on 39 U.S.C. § 409.

agreement was breached. He had before him the postal complaints, plaintiff's responses, the consent agreements and copies of advertisements used before and after the effective date of the consent agreements. Therefore the proper standard of review is whether the administrative action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ." 5 U.S.C. § 706(2)(A).

The circumstances before this court present a stronger case for the application of a limited judicial review. In this case the parties to the consent agreement designated who was to make the factual determination of whether the agreement was breached. Where the parties have agreed on who was to make the factual determination, this court is of the opinion that it would be improper for it to substitute its factual determination for the factual determination made by the trier of fact agreed to by the parties. For this reason and the mandates of the Administrative Procedure Act, this court concludes that a *de novo* review would be improper in these circumstances and will apply an arbitrary and capricious test.[2]

## IV. APPLICATION OF THE ARBITRARY AND CAPRICIOUS TEST

It must be made clear at the outset that this court is not interpreting and analyzing an advertisement to determine whether it is fraudulent, and, therefore, the case of *Donaldson v. Read Magazine*, 333 U.S. 178, 68 S.Ct. 591, 92 L.Ed. 628 (1948), is not on point. The scope of this court's analysis is to determine whether there is the requisite supportive evidence for a conclusion by the judicial officer that the consent agreements were breached.

■ As mentioned in Section III above, the proper standard is whether, considering the record as a whole, the judicial officer's findings are arbitrary and capricious. The arbitrary and capricious standard requires a court to determine whether the administrative decision was based on a consideration of the relevant factors and whether or not there was a clear error of judgment. In the case of *Bowman Trans. v. Arkansas-Best Freight*, 419 U.S. 281, 285, 95 S.Ct. 438, 442, 42 L.Ed.2d 447 (1974), the court stated:

> Under the "arbitrary and capricious" standard the scope of review is a narrow one. A reviewing court must "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. . . . Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency." The agency must articulate a "rational connection between the facts found and the choice made." (Citations omitted.)

This court concludes that the findings of the judicial officer are based on the "relevant factors" and are not "a clear error of judgment".

In reaching his decisions the judicial officer had considered the consent agreements and the advertisements utilized by the plaintiff before and after the effective date of the consent agreements. In his written opinion, the judicial officer pointed out the parts of the post-consent agreement advertisements that he concluded were violative of the consent agreements. The judicial officer considered the relevant factors and articulated a rational connection between the relevant factors and his conclusion as required in the *Bowman Trans.* case.

Not only has the judicial officer not committed a clear error of judgment but this court finds that his conclusions are supported by substantial evidence. A separate analysis of this issue for each product follows.

### A. *Long N' Strong* :

After examining the entire record before the judicial officer, this court finds that the conclusion of the judicial officer that the

---

**2.** There is no claim raised by the plaintiff that there was an abuse of discretion or that the judicial officer did not act in accordance with the law.

plaintiff breached the consent agreement is supported by substantial evidence. The plaintiff admits that the thrust of the original postal complaint and what was prohibited by the consent agreement was the allegation that the product will cause the user's fingernails to grow longer.

The following are statements made in a post-consent agreement advertisement for Long N' Strong:

1. In bold headlines the advertisement stated, "Grow longer more beautiful nails starting in five to seven days."
2. "Thrill to glamorous growth in a matter of days."
3. "Just one week from today your nails start to grow longer, more glamorous than you've ever seen them before."
4. "So fast that in just days you can actually measure the dramatic difference."
5. "You must start to see visible results in just days."

These excerpts demonstrate that although different finders of fact might disagree, there is substantial evidence supporting the conclusion that the plaintiff was continuing to allege that their product will cause the user's nails to grow longer in clear violation of the terms of the consent agreement.

B. *SLIM THROUGH SLEEP PLAN*:

The conclusion of the judicial officer that the plaintiff breached the consent agreement by continuing to make the same promotional claims is supported by substantial evidence. The new advertisement still made the following claims that it was making before the consent agreement: that one can lose weight during sleep, that one can eat all the food one desires and still lose weight and that the weight loss will be quick and effortless.

## V. CONCLUSIONS

This court concludes that the findings of the judicial officer that the plaintiff American Consumer, Inc., violated the consent agreements were not arbitrary and capricious and were supported by substantial

evidence and grants the defendants' motion for summary judgment.