BAR BEA TRUCK LEASING CO., INC., PLAINTIFF *v.* UNITED STATES
OF AMERICA, ET AL., DEFENDANTS

Court No. 82-4-00582-S

BERNARD NEWMAN, *Judge.*

(Dated October 15, 1982)

*Fredric J. Gross, Esq.,* for the plaintiff.
*J. Paul McGrath,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in
Charge, International Trade Field Office, Commercial Litigation Branch (*John J.
Mahon,* Assistant Branch Director and *Saul Davis, Esq.*), for the defendants.

BERNARD NEWMAN, *Judge.*

## I

Stripped of all esoterica, this entire matter demands expeditious
disposition.

Defendants' motion for a protective order in response to plain-
tiff's notice of depositions raises an issue of first impression re-
specting the scope and standard of review applicable to an action
contesting the denial of a customhouse cartage license by the
United States Customs Service. Subject matter jurisdiction over
such an action is predicated upon the residual provisions of 28
U.S.C. § 1581(i). See 4 CIT 104 (1982) and 4 CIT 138 (1982).

Again, attention is directed to 4 CIT 70 (1982), cross-appeals
pending, wherein the complex factual background of this litigation
is reviewed.

My order of September 8, 1982 directed that plaintiff's notice of
depositions and defendants' motion for a protective order would be
held in abeyance until the administrative record was transmitted
to the Court by the Area Director at Newark, New Jersey, at which
time the scope and standard of review applicable in this action
could be considered.

By an order entered on October 1, 1982 (unpublished), I stayed
the order of September 8, 1982 (4 CIT 104 (1982)), and directed Cus-
toms at Newark to transmit the administrative record to the Court
within ten days of the order (viz, by October 12, 1982). On October
12, 1982 the administrative record (with certain exceptions) was
filed by defendants, together with a consent motion to extend the
time for three days (until October 15, 1982) within which to file the
complete administrative record. The requested extension was
granted to allow the government adequate time within which to
move for a protective order covering certain parts of the adminis-
trative record claimed to be privileged or confidential.

## II

As previously held in 4 CIT 104 (1982) preliminarily to deciding whether the depositions noticed by plaintiff should be permitted, this Court must determine whether Customs' denial of plaintiff's application for a cartage license should be reviewed *de novo,* as argued by plaintiff, or reviewed on the administrative record, as insisted by defendants in their motion for a protective order.[1]

As specified in 28 U.S.C. § 2640(d), the scope and standard of review in an action such as the present one is governed by 5 U.S.C. § 706, part of the Administrative Procedure Act (APA). In every case involving judicial review of agency action under the APA, the reviewing Court must set aside action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), or action taken contrary to various constitutional, statutory or procedural requirements, 5 U.S.C. §§ 706(2) (B), (C) and (D). In two additional, narrowly defined instances, agency action must be set aside if the Court finds that the action was "unsupported by substantial evidence", 5 U.S.C. § 706(2)(E), or if after a trial *de novo* the Court concludes that the action was "unwarranted by the facts". 5 U.S.C. § 706(2)(F). *Citizens to Preserve Overton Park* v. *Volpe,* 401 U.S. 402, 414-15 (1971).

The "substantial evidence" test (§ 702(2)(E)) is authorized only in instances where agency action is predicated upon a public adjudicatory hearing (see 5 U.S.C. §§ 556, 557), or where agency action is taken pursuant to a rulemaking provision of the APA (see 5 U.S.C. § 553). *Citizens to Preserve Overton Park* v. *Volpe, supra,* at 414; *Camp* v. *Pitts,* 411 U.S. 138, 141 (1973). Neither party argues that the substantial evidence standard is applicable in this case; and I find that the requisite circumstances for such standard are absent here: first, the Area Director's denial of plaintiff's license application was not based on a public adjudicatory hearing; and second, the Area Director's action plainly does not constitute "rulemaking". See 5 U.S.C. § 551 (4) and (5).

As mentioned *supra,* plaintiff contends that the Area Director's action should be reviewed *de novo* by the Court. The Supreme Court has held that one of the two circumstances for invoking *de novo* review under 5 U.S.C. § 706(2)(F) is "when the action is adjudicatory in nature and the agency factfinding procedures are inadequate". *Overton Park, supra,* 401 U.S. at 415; *Camp* v. *Pitts, supra,* 411 U.S. at 142. If under the licensing procedures of the Customs Service plaintiff was afforded no opportunity to be heard prior to the denial of its application, or to respond to the information provided to the Area Director and upon which he relied in denying

---

[1] After filing their motion for a protective order, defendants filed a renewed motion to dismiss, urging for the first time that judicial review was precluded under 5 U.S.C. § 701(a)(2) on the basis that denial of plaintiff's application for a cartage license by the Area Director at Newark is "agency action * * * committed to agency discretion by law". Under that provision, agency action "committed to agency discretion by law" is exempt from judicial review. Defendants' motion to dismiss was denied in 4 CIT 138 (1982).

plaintiff's application, a trial *de novo* before this Court would be a possible procedure. *Cf. Secretary of Labor* v. *Farino,* 490 F.2d 885, 891 (7th Cir. 1973).

On an application for a cartage license pursuant to 19 CFR §§ 112.21, *et seq.,* no hearing is provided.[2] Nor is any hearing afforded an applicant in the event that an application is denied.[3] It is now well established that an agency's procedures are not inadequate simply because no formal hearing is required. *Camp* v. *Pitts, supra; Proietti* v. *Levi,* 530 F.2d 836, 838 (9th Cir. 1976); *American Consumer, Inc.* v. *United States Postal Service,* 427 F. Supp. 589, 591 (E.D. Pa. 1977).

Here, however, not only was no formal hearing afforded to plaintiff before or after the denial of its application, no right to be heard or to participate in the investigation in any manner at any stage of the proceedings was afforded to plaintiff under the Customs regulations.[4] Under these circumstances, it would be permissible for the Court of International Trade either to conduct a trial *de novo* or to remand the matter to the agency for further proceedings. *Cf. Farino, supra,* 490 F.2d at 891. In *Farino,* the Court of Appeals stressed: "Where the district court has the power either to conduct a trial *de novo* or remand for further agency proceedings, it is a question of judicial policy which course to follow". *Id.,* at 892.

In an action contesting the denial of an application for a cartage license, I conclude that remand to the agency (District Director) for further consideration of the application is the procedure of choice. On that score, the perceptive comments by Judge Davis of the Court of Claims[5] (quoted in *Farino,* 490 F. 2d at 892) are especially apposite:

> Congress actually wanted and expected the agency to make the determination, with some judicial oversight but not until after the administrative findings. There is no reason to believe that, under proper procedures, the Board cannot or will not achieve a fair result, taking account of all presentations to it. * * * Moreover, the intricate, specialized, and indeterminate nature of the determination * * * makes it particularly appropriate for an expert administrative body with continuing experience in the field to make the first full canvass of the problem. * * * *This is an instance, we believe, in which the need, at the administrative level, is not for a formal trial but for better 'opportunity for party participation.'* Moore-McCormack Lines, Inc. v. *United States,* 413 F. 2d 568, 588–590, 188 Ct. Cl. 644 (1969). [Emphasis added.]

---

[2] *Cf.* 19 CFR § 111.14(e) (customhouse brokers' licenses).

[3] *Cf.* 19 CFR § 111 17 (customhouse brokers' licenses).

[4] The administrative record contains a letter dated July 2, 1982 from Barbara B. Gallagher, plaintiff's president, to Customs in response to Customs' decision-letter of June 29, 1982 to plaintiff rejecting plaintiff's license application. However, there is no indication in the record as to what, if any, consideration was given to the information set forth in plaintiff's letter of July 2, 1982.

[5] Under the Federal Courts Improvement Act of 1982, the former United States Court of Claims and the United States Court of Customs and Patent Appeals were "merged" into the new United States Court of Appeals for the Federal Circuit, effective October 1st, 1982.

## III

I find that review in the instant case should be on the administrative record, and that the denial of plaintiff's application must be set aside in the event the Court should determine that such denial was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" as provided in 5 U.S.C. § 706(2)(A). In that connection, the Supreme Court decided in *Overton Park,* 401 U.S. at 416:

> Section 706(2)(A) requires a finding that the actual choice made was not 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' * * * To make this finding the court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. * * * Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency.

Since I hold that the scope of review in this action is on the administrative record and that the standard of review is prescribed by 5 U.S.C. § 706(2)(A), plaintiff's notice of depositions is unnecessary and inappropriate as there has been no showing of bad faith or improper behavior on the part of the Customs officials plaintiff seeks to depose. *Overton Park,* 401 U.S. at 420. Accordingly, defendants' motion that discovery not be had at this time is granted; and the notice of depositions served by plaintiff on August 2, 1982 is vacated.

It is further ordered that the action is remanded to the Area Director at Newark, New Jersey for an expeditious reconsideration. On remand, plaintiff may submit affidavits or other evidence to the Area Director in support of its application within twenty days of the entry of this order. The Area Director may conduct any further proceedings consistent with this opinion and shall, based upon the entire administrative record, including any submissions by plaintiff, render a new decision on plaintiff's license application. The Area Director shall advise plaintiff and this Court of the new determination and the reasons therefore within forty days of the entry of this order; and

Further, it is ordered that in the event plaintiff's application is again denied by the Area Director, plaintiff may within fifteen days of the receipt of the Area Director's new decision file any appropriate motion. Defendants may respond within fifteen days of the receipt of any motion by plaintiff. Plaintiff shall have five days from receipt of defendants' response within which to reply.