**Robert D. BARNES, Appellant,**

v.

**George W. CHATTERTON, Regional Appeals Examiner, Director Philadelphia Region, United States Civil Service Commission, et al.**

**No. 74–1570.**

United States Court of Appeals, Third Circuit.

Argued March 3, 1975.

Decided May 6, 1975.

---

Robert D. Barnes, pro se.

Robert E. J. Curran, U. S. Atty., Walter S. Batty, Jr., Asst. U. S. Atty., Chief, App. Section, Michael B. L. Hepps, Asst. U. S. Atty., Philadelphia, Pa., for appellees.

Before ADAMS, ROSENN and WEIS, Circuit Judges.

## OPINION OF THE COURT

ROSENN, Circuit Judge.

The discharge of an employee, especially one who has given many years of valuable service, is generally a painful and traumatic experience for both employer and employee. The history of the underlying administrative proceedings which are the genesis of the action in the district court reveals that this case is no exception to the general rule.

Robert D. Barnes was employed as an attorney for over seventeen years with the Navy, most recently with the Office of Counsel, United States Naval Aviation Supply Office in Philadelphia.[1] On July 12, 1971, Barnes received a Notice of Proposed Separation, alleging that he had concentrated his time over a two-year period working on two Navy con-

tracts, one with Kurz & Root Co., and one with Decitron Electronics Corp., in disregard of the directions of his superiors and in neglect of his assigned duties. The Notice also alleged that Barnes openly had criticized anyone disagreeing with his position concerning these contracts.

After Barnes orally responded to the charges, the General Counsel of the Navy issued a final agency decision sustaining the Notice on September 10, 1971. Barnes appealed his separation to the Regional Director of the Civil Service Commission (Commission) five days later.

Barnes has defended his work on the two contracts as motivated by a desire to expose corruption and wrongdoing in the Office of the General Counsel. He claims that the orders of his superiors directing him to discontinue this work were part of an effort by the Office of the General Counsel to cover up its wrongdoing, and that his discharge resulted when he refused to terminate his investigation.

As a preference eligible employee, Barnes' appeal of his discharge entitled him to a hearing before the Commission. 5 U.S.C. § 7701 (1970); 5 C.F.R. § 772 (1974). In preparation for his hearing, Barnes requested that the presiding Regional Appeals Examiner ensure that three sets of documents be made available for the hearing: (1) the files of the Navy Contract Adjustment Board (NCAB) concerning the Decitron contract; (2) copies of eight F.B.I. reports relating to the Kurz & Root contract; and (3) a report of the Navy Inspector-General (NIG) to which the Notice of Proposed Separation referred. The Examiner requested only that a copy of the NIG report be furnished to Barnes. The Navy made available only Volume I of the four-volume report, and certain exhibits attached to the volume were not

---

1. Barnes had previously served three years in the Navy during World War II, qualifying as a preference eligible employee. 5 U.S.C. §§ 2108(3)(A), 7511(1)(1970). He could be discharged "only for such cause as will promote the efficiency of the service." 5 U.S.C. § 7512(a)(1970).

furnished. The Examiner made no further effort to obtain the missing volumes or attachments.

Barnes' hearing originally was scheduled for March 15, 1972, but was postponed at his request until May 4, 1972. On April 24, 1972, Barnes filed a complaint in the District Court for the Eastern District of Pennsylvania seeking: (1) a preliminary injunction directing the Examiner, George W. Chatterton, from proceeding with the hearing until the adjudication of the complaint;[2] (2) an order directing the Examiner to render a decision as to whether the sought-after documents were material and relevant to the issues raised by the appeal; and (3) an order directing that the documents be made available for the hearing. On April 3, 1974, the district court granted the Commission's motion to dismiss the complaint, holding that Barnes had not shown sufficient reason for the court to intervene in the proceedings prior to the final agency decision. 375 F.Supp. 198 (E.D.Pa.1974).

Following the court's decision, the Examiner convened a prehearing conference on April 29, 1974, at which time the relevancy and materiality of the documents were discussed. After considering the arguments, the Examiner declined to request the production of the documents. The hearing then commenced, with Barnes having received only the one volume of the NIG report. During the hearing, the Navy made available the remaining volumes of the report, but not the exhibits missing from Volume I. The hearing concluded on February 21, 1975, and no decision has been rendered as yet by the Examiner.

Barnes appeals the decision of the district court, alleging that the failure of the Examiner to order the production of the documents violated his statutory right to the documents, was arbitrary and capricious, and resulted in a hearing in which he could not defend adequately against the Navy's charges. Barnes claims that this violation of his statutory and constitutional rights is sufficient reason to warrant judicial intervention prior to the final agency decision. We affirm the decision of the district court.

■ The ultimate objective of the Government must be, whether the proceeding be a criminal or an administrative action growing out of the discharge of one of its employees, not that the Government "shall win a case, but that justice shall be done." Campbell v. United States, 365 U.S. 85, 96, 81 S.Ct. 421, 427, 5 L.Ed.2d 428 (1961). This is the lodestar which must guide the course of all parties in this proceeding. We recognize that the failure of the Examiner to request the production of the documents could impair significantly Barnes' defense against the Navy's charges. Barnes has important procedural rights in the appeals process. The Navy may not rely on any documents in its Notice of Proposed Separation unless the documents are made available to him. 5 C.F.R. § 752.202(a)(2)–(3) (1974).[3] Moreover, the Examiner "shall discuss all relevant representations and evidence with both parties and make the representations and evidence available to them for review." 5 C.F.R. § 772.304(c)

---

**2.** The Examiner agreed to postpone the hearing until a decision was rendered on Barnes' complaint. The court dismissed this demand for relief as moot.

**3.** Section 752.202(a)(2)–(3) provides:

(2) Subject to the provisions of subparagraph (3) of this paragraph, the material on which the notice is based and which is relied on to support the reasons in that notice, including statements of witnesses, docu-

ments, and investigative reports or extracts therefrom, shall be assembled and made available to the employee for his review. The notice shall inform the employee where he may review that material.

(3) Material which cannot be disclosed to the employee, or to his designated physician under § 294.401 of this chapter, may not be used by an agency to support the reasons in the notice.

(1974).[4] Barnes, however, lacks subpoena or other power to compel the production of such evidence. Therefore, failure of the Examiner vigilantly to safeguard Barnes' procedural rights and to secure for him documents and data necessary for his defense or for an effective cross-examination of witnesses transforms such rights into mere illusory guarantees.

■■■ Barnes' attempt to secure judicial enforcement of these rights, as important as they are, nonetheless is subject to the doctrine of the exhaustion of administrative remedies. This doctrine, evolved after substantial experience, is conducive to efficient disposition of administrative proceedings and to effective judicial review. Under this principle, Barnes first must await the final decision of the Commission before obtaining judicial relief. See McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); cf. Sampson v. Murray, 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974). See generally 3 K. Davis, Administrative Law Treatise § 20.01 et seq. (1958). As with most judicially created doctrines, there are judicially created exceptions. A party need not await a final agency decision if the preliminary agency decision clearly and unambiguously violates statutory or constitutional rights, Fitzgerald v. Hampton, 152 U.S.App.D.C. 1, 467 F.2d 755 (1972), or "if the prescribed administrative procedure is clearly shown to be inadequate to prevent irreparable injury." American Fed'n of Gov't Employees, Local 1004 v. Resor, 442 F.2d 993, 994–95 (3d Cir. 1971). We do not believe that the instant case falls within either of these exceptions.

■■ As noted above, the Examiner was under a duty to consider the relevancy of the documents in question. 5 C.F.R. § 772.304(c) (1974). If the Examiner had not considered the documents' relevancy, section 772.304(c) clearly would have been violated and judicial intervention might have been necessary. The record establishes, however, that at the prehearing conference subsequent to the district court decision, the Examiner determined that the documents were not relevant. This determination, albeit adverse to Barnes, fulfills the Examiner's duty.

Barnes also was entitled to receive and review all the documents upon which the Navy relied in the Notice of Proposed Separation, and all documents relevant to the hearing.[5] 5 C.F.R. §§ 752.-202(a)(2)–(3), 772.304(c) (1974). Barnes contends that the Notice relied, or should have relied, upon the disputed documents. Barnes also contends that the documents are relevant and necessary to defend and explain his actions and for pertinent cross-examination. The Navy responds that the Notice did not rely upon any of the documents except for the NIG report which was produced at the hearing. The Navy also argues that Barnes' explanation of his actions does not defend adequately against the charges resulting from his refusal to accede to the directions of his superiors and that documents relating to this explanation are irrelevant to the hearing. Moreover, the Navy observes that if the Examiner decides that the documents are relevant to any particular charges, it may decide to drop such charges rather than produce the documents. Barnes' dismissal would not be invalidated if it is

---

4. Section 772.304(c) provides:

   (c) *Availability of evidence and representations.* A representative of the Commission shall discuss all relevant representations and evidence with both parties and make the representations and evidence available to them for review. However, when adverse action has been taken, or decision on an application for disability retirement has been made, on the basis of a reported mental condition of the appellant or another condition

of such a nature that a prudent physician would hesitate to inform a person suffering from it as to its exact nature and probable outcome, the representative of the Commission shall make the medical evidence available only to a duly licensed physician designated in writing by the appellant or the appellant's representative.

5. The regulations also encompass Barnes' due process rights.

supported by the remaining well-proven charges. Baughman v. Green, 97 U.S. App.D.C. 150, 229 F.2d 33 (1956); Deviny v. Campbell, 90 U.S.App.D.C. 171, 194 F.2d 876 (1952).

■ We believe that this recital of opposing contentions, none of which is wholly without merit, illustrates our inability to hold that the documents clearly and unambiguously were relied upon by the Navy in its Notice, or clearly and unambiguously were relevant to the issues in the hearing. Until there has been a final decision defining the issues and specifying the charges that warrant Barnes' separation, we cannot say whether the failure to order production might have prejudiced Barnes. The essential fact is that "[u]ntil administrative action has become final, no court is in a position to say that such action did or did not conform to applicable regulations." Sampson v. Murray, 415 U.S. 61, 74, 94 S.Ct. 937, 945, 39 L.Ed.2d 166 (1974). Thus, only in exceptional instances, which are not present here, will administrative orders dealing with discovery of documents or matters of admissibility of evidence warrant judicial intervention prior to the final agency decision. Thermal Ecology Must Be Preserved v. AEC, 139 U.S.App.D.C. 366, 433 F.2d 524 (1970); Sperry & Hutchinson Co. v. FTC, 256 F.Supp. 136 (S.D.N.Y.1966); R. H. Macy & Co. v. Tinley, 249 F.Supp. 778 (D.D.C.1966).

■ Barnes also has suffered no irreparable injury as a result of the Examiner's decision since adequate administrative and judicial review of the decision exists. If the Examiner finally upholds the Navy's action, Barnes is entitled to appeal to the Board of Appeals and Review of the Civil Service Commission. 5 C.F.R. § 772.307(a) (1974). The Board reviews the record of the proceedings and all written relevant representations and also may afford Barnes a personal hearing. 5 C.F.R. § 772.307(b) (1974). An adverse decision of the Board then may be reviewed by the Commis-

sioners in their discretion. 5 C.F.R. § 772.308 (1974).

If the final agency decision still upholds the separation, Barnes has open two avenues of judicial review. He may turn to the district courts which have jurisdiction to review decisions of the Commission. See, e. g., Benson v. United States, 421 F.2d 515 (9th Cir.), cert. denied, 398 U.S. 943, 90 S.Ct. 1861, 26 L.Ed.2d 279 (1970); Charlton v. United States, 412 F.2d 390, 396 (3d Cir. 1969) (Stahl, J., concurring). The district court's review will include determining that the agency action was supported by substantial evidence and that it observed the procedures required by law. 5 U.S.C. § 706(2)(D), (E); see Charlton v. United States, supra. Thus, if the district court determines that the documents are relevant, the decision of the Commission could be set aside as being based on a hearing conducted in contravention of the applicable administrative regulations.

Barnes may choose instead to appeal to the Court of Claims, which generally applies the same scope of review as applied in the district court. 28 U.S.C. § 1491 (1970); See, e. g., Peters v. United States, 408 F.2d 719, 187 Ct.Cl. 63 (Ct.Cl. 1969). The Court of Claims also may remand the case to one of its trial commissioners to hold a limited fact-finding hearing if it believes the record was developed inadequately by the Commission. See, e. g., Camero v. United States, 345 F.2d 798, 179 Ct.Cl. 520 (1965).

■ The requirement that Barnes exhaust his administrative remedies thus affects only the timing, not the effectiveness of judicial review. The delay, of course, is not without cost and we regret the additional pecuniary hardship and stress imposed upon Barnes. We are bound, however, by the holding of the Supreme Court that such costs do not constitute irreparable injury. Sampson v. Murray, 415 U.S. 61, 84–92, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974).

The judgment of the district court will be affirmed. Each party will bear his own costs.