Rosemary E. TWIGGS, Appellant,

v.

U. S. SMALL BUSINESS ADMINISTRATION et al.

No. 75–2450.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule
12(6) June 11, 1976.

Decided Aug. 31, 1976.

---

Joseph B. Meranza, Richard B. Sigmond, Bruce E. Endy, Meranza, Katz, Spear & Wilderman, Philadelphia, Pa., for appellant.

Robert E. J. Curran, U. S. Atty., Walter S. Batty, Jr., Asst. U. S. Atty., Chief, App. Div., Jeffrey H. Simcox, Asst. U. S. Atty., Philadelphia, Pa., for appellees.

Submitted Under Rule 12(6) June 11, 1976.

Before VAN DUSEN, GIBBONS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

ROSENN, Circuit Judge.

This appeal concerns the scope of judicial review of the administrative determination of an employment grievance. An employee of the United States Small Business Administration ("SBA") claims that her voluntary lateral transfer between jobs, each carrying a GS–4 rating, was induced by the misrepresentations of her supervisor. After exhausting her administrative remedies, she filed this action in the United States District Court for the Eastern District of Pennsylvania. The court granted the Government's motion for summary judgment. We reverse and remand for further proceedings.

Rosemary E. Twiggs, the plaintiff herein, initiated formal grievance procedures by letter to the Assistant Administrator for Administration of the SBA. The hearing examiner, to whom the grievance was referred, advised Twiggs that he would conduct an inquiry by means of personal interviews as provided in 5 C.F.R. § 771.116(d)(2) (1976),[1] embodied in SBA Standard Operating Procedure § 37–71 ¶ 17(a). The hearing examiner accordingly denied the request of Twiggs' counsel for access to particular agency documents and for permission to question certain individuals.

After the interviews were held, the hearing examiner transmitted the grievance file for review to Twiggs and her counsel, both of whom submitted comments. In his Report of Findings and Recommendations, the hearing examiner concluded that "the grievant has failed to establish a reasonable basis for her grievance" and recommended that relief be denied. The Assistant Administrator for Administration adopted the recommendation of the hearing examiner and notified Twiggs and her attorney that his decision constituted final agency action.

Twiggs timely filed this action in the district court under 5 U.S.C. § 702 (1970).[2] The district judge reviewed the agency decision according to standards set forth in

---

1. 5 C.F.R. § 771.116(d) provides in pertinent part:

   The examiner shall conduct an inquiry of a nature and scope appropriate to the issues involved in the grievance. At the examiner's discretion, the inquiry may consist of:

      *     *     *     *     *     *

      (2) Personal interviews . . . .

2. 5 U.S.C. § 702 provides:

   A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.

our case of *Charlton v. United States*, 412 F.2d 390 (3d Cir. 1969). He found that the agency's action was not arbitrary, capricious or an abuse of discretion and that "there is evidence to substantiate" the agency's finding that there was no misrepresentation to Twiggs by her supervisor. Having so determined, the district judge concluded that the complaint failed to state a cause of action on which relief could be granted and entered summary judgment in favor of the Government.

■ Because of error in the district court's review, we are constrained to reverse and remand. First, the judicial review mandated by 5 U.S.C. § 706 (1970) requires an examination of the administrative record.[3] *See, e. g., Charlton v. United States, supra*, 412 F.2d at 392. In this case, such a record would consist of the grievance file, including the comments of Twiggs and her counsel,[4] the hearing examiner's Report of Findings and Recommendations, and the final agency decision. The Government filed the last two items as exhibits appended to its memorandum in support of its motion for summary judgment. After a thorough search of the district court record,[5] however, we must conclude that the grievance file with comments was not transmitted to the district court. Thus, the

court had before it an incomplete record on which to review the agency action.

■ Not only did the district judge base his review on an insufficient administrative record, he also apparently looked outside the record for evidence to meet the "substantial evidence" standard of 5 U.S.C. § 706(2)(E). In his opinion, the judge referred to statements by Twiggs' supervisor made in a deposition taken for use in the district court action after the final agency decision had been rendered. "Substantial evidence" to support an agency's action must exist in the administrative record itself; the reviewing court is precluded from considering extrinsic evidence in this regard. *Nickol v. United States*, 501 F.2d 1389, 1390 (10th Cir. 1974); *Charlton v. United States, supra*, 412 F.2d at 392.

■ Furthermore, we believe the "substantial evidence" standard was improperly applied to the case *sub judice*. The express language of 5 U.S.C. § 706(2)(E) makes that standard of review applicable only to agency action taken after a mandatory hearing. In *Charlton*, as Judge Stahl pointed out in his concurrence, 412 F.2d at 395, section 706(2)(E) was extended beyond its limiting language to review of a dismissal of a federal employee which was not accompanied by a statutory hearing. Since *Charlton* rep-

3. 5 U.S.C. § 706 provides in pertinent part:
The reviewing court shall—
\* \* \* \* \* \*
(2) hold unlawful and set aside agency action, findings, and conclusions found to be—
(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
(B) contrary to constitutional right, power, privilege, or immunity;
(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
(D) without observance of procedure required by law;
(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title [governing hearings on rulemaking or adjudications] or otherwise reviewed on the record of an agency hearing provided by statute; or
(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

4. The contents of the grievance file are listed in 5 C.F.R. § 711.116(g), and provision for transmitting the file along with the hearing examiner's report "to the deciding official" is made by 5 C.F.R. § 711.116(h).

5. We note that the district court has been unable to locate three documents which are part of a supplemental record in the district court. The docket entries reveal that these documents consist of a deposition of Twiggs and of her supervisor taken for the court action and not part of the administrative record, a copy of the hearing examiner's report, and a copy of the final decision of the agency. Although these documents were filed almost two months after the district judge had rendered his decision, the last two documents were already part of the record as Government exhibits.

resents an atypical application of the "substantial evidence" standard, it should be confined to its factual context, *i. e.*, discharges of employees. Where, as here, the challenged action is merely a voluntary transfer with no loss in pay or grade, albeit allegedly induced by a misrepresentation, the "substantial evidence" standard is inappropriate.

On remand, the district court, once it has before it the complete administrative record, should undertake a review of the procedural regularity of the agency's action and determine whether it is arbitrary, capricious, or an abuse of discretion under the applicable provisions of 5 U.S.C. § 706(2). The judgment of the district court will be reversed and the case remanded for further proceedings.