574 F.2d 789
 William F. HIGGINS, Jr., Appellant,
v.
Clarence M. KELLEY, Director, Federal Bureau of
Investigation and Federal Bureau of Investigation,
an Agency of the United States.
 No. 77-1314.
 United States Court of Appeals,
Third Circuit.
 Argued Jan. 6, 1978.
Decided April 3, 1978.
 
 Arthur Uscher, Kenneth L. Abrams, Friedman, Kates, Uscher & Pearlman, Rutherford, N. J., for appellant.
 Jonathan L. Goldstein, U. S. Atty., Elizabeth T. Barlow, Asst. U. S. Atty., Newark, N. J., for appellee.
 Before ROSENN and HIGGINBOTHAM, Circuit Judges, and VAN ARTSDALEN, District Judge.*
 OPINION OF THE COURT
 ROSENN, Circuit Judge.
 
 
 1
 Generally, no one would question the right of any employer, particularly a public agency supported by taxpayer funds, to discharge an incompetent or inefficient employee. From time to time, however, employees of governmental agencies have elevated their voices in expressions of disapproval of inefficiencies, inadequacies and wastefulness in their employer's operations. In today's journalistic parlance, such employees have been objectively described from time to time as "whistle blowers." Administrative agencies, on the other hand, often regard them with impatience and exasperation and the tensions produced sometimes generate important questions in personnel relationships and procedural due process. This appeal presents the accountability of a bureaucratic governmental agency in dismissing an employee who professes to challenge the agency's dictates out of a sense of dedication to his service.
 
 
 2
 Plaintiff-appellant William F. Higgins, Jr., ("Higgins") was hired by the Federal Bureau of Investigation ("FBI") as a special agent in November 1970. On October 1, 1973, the FBI dismissed him. Higgins appealed his dismissal to the New York Region of the Civil Service Commission and the Board of Appeals and Review, both of which upheld the dismissal. Higgins twice requested the FBI to reconsider his dismissal on the basis of newly discovered evidence and requested the Civil Service Commission Board of Review to reopen the case, but each of the requests was denied.
 
 
 3
 On December 23, 1975, plaintiff filed a complaint in the United States District Court for the District of New Jersey seeking reinstatement and back pay alleging that the decision of the Civil Service Commission was not supported by substantial evidence and that the FBI and the Civil Service Commission acted capriciously and arbitrarily by refusing to reconsider his dismissal on the basis of newly discovered evidence. The defendant FBI moved for summary judgment. The motion was denied and the district court directed defendant to respond to plaintiff's request for production of documents. The defendant then moved for reconsideration of the order. The district court stayed discovery and directed the parties to brief the significance and effect of Twiggs v. United States Small Business Administration, 541 F.2d 150 (3d Cir. 1976), decided shortly after the initial order. On the basis of those briefs, the district court granted defendant's motion for summary judgment. After plaintiff's subsequent motion for reconsideration was denied, this appeal followed.[1] We reverse and remand for proceedings consistent with this opinion.
 
 I.
 
 4
 A little more than a year before his dismissal, Higgins was assigned to investigate certain activities of one Lloyd Sahley. Twelve days later, Higgins' superior instructed him to discontinue the investigation and to destroy his accumulated materials. One month later, July 1972, Higgins sustained a serious concussion at the home of a fellow FBI agent. Asserting no recollection of the circumstances of his injury, Higgins requested an FBI investigation of both his injury and the reasons behind the shelving of the Sahley investigation. Higgins was informed that, as to the injury, he had become unruly at the agent's home and had to be physically restrained, and, as to the investigation, it was terminated because there was no evidence of illegal activities within FBI jurisdiction.
 
 
 5
 Unsatisfied with those responses, Higgins persisted in his demand for a full FBI investigation. Finally, in January 1973, he received a letter from then Acting Director of the FBI, L. Patrick Gray, advising him that he had been placed on probation as a result of the July 1972 altercation. At the same time, his superiors warned him that any further investigation into the Sahley matter would be considered insubordination. He was then transferred from the Cleveland, Ohio, office to the Newark, New Jersey, office, where he was ordered not to carry a firearm. Plaintiff alleges that for the next six months he was subjected to continual harassment by his supervisor because he had gained a reputation as a troublemaker.
 
 
 6
 On August 3, 1973, Higgins stopped at his house (to ask his wife to tape Patrick Gray's televised Watergate testimony in hopes of learning something about his aborted investigation) without permission during working hours in contravention of FBI rules. When Higgins' supervisor discovered the infraction, an exchange of memoranda between Higgins and his supervisor ensued, resulting in Higgins being placed on administrative leave. On August 9, he was instructed to report the next day for a complete physical examination. Higgins' attorney called the FBI supervisor to advise him that he would not allow his client to take an examination without knowing its scope and purpose. A week later, Higgins' attorney met with the supervisor, who explained that the examination was for the purpose of determining Higgins' fitness for duty. Plaintiff contends that the examination was never rescheduled.
 
 
 7
 By letter dated August 24, 1973, the FBI advised Higgins that he was suspended without pay and that his dismissal was under consideration. Higgins through his attorney requested access to applicable rules and regulations and items from his personnel folder and file. His attorney found that the file he examined was incomplete: documents were removed and some that remained had been excised. Requests to see the complete file were denied. On September 25, 1973, Higgins received a letter stating that he was dismissed effective October 1, 1973.
 
 II.
 
 8
 The scope of review for an agency action is statutorily mandated by the Administrative Procedure Act, 5 U.S.C. § 706 (1970), which provides that the reviewing court shall:
 
 
 9
 (2) hold unlawful and set aside agency action, findings, and evidence found to be
 
 
 10
 (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 11
 (D) without observance of procedures required by law;
 
 
 12
 (E) unsupported by substantial evidence
 
 
 13
 In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party . . . .
 
 
 14
 See Charlton v. United States, 412 F.2d 390, 395 (3d Cir. 1969).
 
 
 15
 In an effort to comply with this standard of review, the district court properly looked to this court's then recently filed opinion in Twiggs v. United States Small Business Administration, supra. In that case a governmental agency employee filed an action to review the rejection of her contention that her voluntary lateral transfer between jobs was induced by the misrepresentations of her supervisor.[2] The district court granted the defendant's motion for summary judgment finding no arbitrary or capricious acts, that it was not an abuse of discretion, and that there was evidence to substantiate the action. This court reversed, identifying three grounds for reversal: First, the district court had before it an incomplete record and thus could not properly review the agency action; second, the district court improperly considered evidence not in the administrative record; third, the substantial evidence standard was improperly extended beyond the employee discharge context of Charlton v. United States, supra.
 
 
 16
 In his letter opinion of December 13, 1976, Judge Biunno focused primarily on the second ground for reversal in Twiggs, holding that his prior order allowing discovery to proceed was inconsistent with the rule laid down in Twiggs prohibiting the court from considering extrinsic evidence. He further found that there was substantial evidence in the record to support the agency's action and that procedural requirements were satisfied: the evidence the plaintiff sought was irrelevant to the charges. We conclude that Judge Biunno's initial order allowing discovery was proper, and the second order was erroneous for two reasons: First, he misapplied Twiggs to the instant case, and second, his determination of the relevancy of the requested documents was in error.
 
 
 17
 In Twiggs, we held improper the district court's consideration of a deposition taken after the agency decision had already been rendered. In the instant case, plaintiff does not seek to introduce such post-decision evidence, but rather requests discovery of allegedly wrongfully excluded documents to complete the administrative record. There is no language in Twiggs indicating that material wrongfully excluded from administrative proceedings is to be barred from review as extrinsic evidence either by the appropriate agency on remand or the reviewing court. The applicability of Twiggs to the instant case lies in the first identified ground for reversal, our recognition of the importance of a complete record as a basis for district court review. Absent a complete record, the reviewing court is incapable of complying with the procedural requirements statutorily mandated by the Administrative Procedure Act. 5 U.S.C. § 706(2)(D) (1970).
 
 
 18
 The district court was well aware of the need of the administrative proceeding to observe these procedural requirements, and found them satisfied in this case:
 
 
 19
 (P)laintiff alleges that certain evidence and regulations were relied on at the administrative level and were not made available to him as required by 5 C.F.R. § 1752.202(a)(2) and (3), 772.305(b). It is therefore argued that the decision of the Civil Service Commission should be set aside as "being a hearing conducted in contravention of the applicable administrative regulations." Barnes v. Chatterton, 515 F.2d 916 at 921 (3d Cir. 1975).
 
 
 20
 The court cannot agree and therefore finds that the procedural requirements have been satisfied. Plaintiff was supplied with copies of the regulations relied upon in support of the charges against him. The regulations and evidence sought by plaintiff go far afield of the charges and were not properly the subject of the inquiry below.
 
 
 21
 Higgins v. Kelley, No. 75-2218 (D.N.J. Dec. 13, 1976) (letter opinion).
 
 
 22
 We find it difficult to share the district court's confidence that the requested material was irrelevant. Without seeing the documents plaintiff requested, there is little basis upon which to form a conclusion that there are no genuine issues of fact. It is undisputed that Higgins was denied access to his complete personnel folder, to FBI rules and regulations, and to certain internal memoranda covering his performance as a special agent. Furthermore, much of the material that he did receive had been substantially excised by the FBI. The plaintiff's request for production of documents does not appear to us as a fishing expedition in a fanciful hope of hooking a cause of action, but a good faith attempt to prepare a challenge to his dismissal.
 
 
 23
 The defendant FBI has repeatedly urged, and the district court agreed, that Higgins has not shown how the documents he sought were relevant to his dismissal. Without discovery, however, it is impossible for the agency to determine whether the dismissal did stem from Higgins' activities in the Cleveland FBI office, as he alleges, or whether the dismissal was a consequence solely of his misconduct in Newark, as the FBI alleges. To require the plaintiff to demonstrate the relevancy of documents he has never seen, and the contents of which are largely unknown, creates an insurmountable burden for the plaintiff in this case.
 
 
 24
 Our position derives support from our earlier opinion in Barnes v. Chatterton, 515 F.2d 915 (3d Cir. 1975), which involved a Navy attorney, discharged after seventeen years of service, who sought production of Navy documents in preparation for a hearing. Although we refused to intercede on the plaintiff's behalf because of his failure to exhaust administrative remedies, we did comment upon the role of the Government in such a case, in general, and the duty of the hearing examiner, in particular:
 
 
 25
 The ultimate objective of the Government must be, whether the proceeding be a criminal or an administrative action growing out of the discharge of one of its employees, not that the Government "shall win the case, but that justice shall be done." Campbell v. United States, 365 U.S. 85, 96, 81 S.Ct. 421, 5 L.Ed.2d 428 (1961). . . . (Barnes) lacks subpoena or other power to compel the production of such evidence. Therefore failure of the examiner vigilantly to safeguard Barnes' procedural rights and to secure for him documents and data necessary for his defense for an effective cross-examination of witnesses transforms such rights into mere illusory guarantees.
 
 
 26
 Barnes v. Chatterton, supra, at 919-20.
 
 
 27
 We conclude that information to which the defendant is entitled for the preparation of a proper defense was wrongfully excluded at the administrative level. Therefore, the record was incomplete when it came up for review in the district court. In view of our holding in Twiggs v. United States Small Business Administration, supra, that district court review of an incomplete record does not satisfy the procedural requirements of the Administrative Procedure Act, 5 U.S.C. § 706(2)(D), the agency's refusal to honor Higgins' request for production of documents erroneously denied him his procedural rights.
 
 
 28
 The judgment of the district court will be reversed and the district court will be directed to enter an order in favor of the plaintiff remanding the case to the Civil Service Commission for further proceedings not inconsistent with this opinion.
 
 
 
 *
 Donald W. Van Artsdalen, United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 Appellant has also made a motion to this court for a new trial based on newly discovered evidence, resulting from a discovery order in a personal injury action, William F. Higgins, Jr. v. United States, (N.D.Ohio, No. 75-1027, filed Nov. 28, 1975), and from invocation of the Freedom of Information Act. In view of the disposition of this appeal and because we believe remand to the Civil Service Commission to complete the record is more appropriate than a trial de novo in the district court, we deny the motion
 
 
 [2]
 Unlike Twiggs, supra, the instant case not only involves an outright dismissal but Higgins was a "preference eligible" employee. Ms. Twiggs was not. A preference eligible employee is one who served in the military for a designated period of time. Such employees may be dismissed "only for such cause as will promote the efficiency of the service" and are entitled to a hearing upon such discharge. See 5 U.S.C. §§ 2108(3)(A); 7511(1), and 7512(a) (1976)