**TK–7 CORP. and Moshe Tal, Plaintiffs,**

v.

**FEDERAL TRADE COMMISSION, Defendant.**

**No. CIV–89–1951–W.**

United States District Court, W.D. Oklahoma.

Jan. 31, 1990.

---

Moshe Tal, Oklahoma City, pro se.

John A. Claro, Bert Barefoot Jr. and Julie E. Bates, Claro & Johnston, Oklahoma City, Okl., for plaintiffs.

Timothy D. Leonard, U.S. Atty., and Eleanor Thompson, Asst. U.S. Atty., for defendant.

## ORDER

LEE R. WEST, District Judge.

Before the Court in this case is the Motion of Defendant Federal Trade Commission ("FTC") to dismiss Plaintiff TK–7 Corporation's First Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) for lack of jurisdiction and for failure to state a claim. TK–7 Corporation ("TK–7") has twice responded to FTC's motion, and this matter is now ripe for decision.

Because FTC's motion under Rule 12(b)(6) is supported by matter outside the pleadings, FTC's motion will be treated as a motion for summary judgment. Fed.R. Civ.P. 12(b)(6).

The facts which bring TK–7's complaint to this Court are undisputed. On February 7, 1989, FTC issued an administrative complaint against TK–7, charging it with making false advertising claims concerning the performance characteristics of its gasoline additive products, in violation of Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1). On May 23, 1989, TK–7 denied the substantive allegations of the complaint. On July 17, 1989, FTC served on TK–7 its First Set of Interrogatories, requesting, inter alia, the chemical formula for the TK–7 fuel additive. On July 18, 1989, FTC served upon TK–7 a subpoena duces tecum seeking the same information. On August 9, 1989, TK–7 objected to the request for its chemical formula on grounds of relevancy and that the request sought to invade TK–7's property right in a proprietary trade secret. On August 11, 1989, TK–7 filed an administrative motion to strike FTC's discovery request to disclose trade secrets, which motion was denied by the Administrative Law Judge ("ALJ"). On August 11, 1989, TK–7 also filed a motion to quash FTC's subpoena duces tecum, which motion was also denied by the ALJ. On September 21, 1989, TK–7 sought interlocutory review of the ALJ's decision by the full Commission, which request was subsequently denied. On October 23, 1989, FTC ordered TK–7 to comply with its discovery request for the chemical formula. On December 17, 1989, after TK–7's action was commenced in this Court, FTC filed an administrative motion for sanctions against TK–7 for failure to comply with its discovery request. The motion seeks to preclude TK–7 from presenting any evidence in its behalf in the adjudicatory proceeding, and to have FTC's complaint allegations deemed established.

The threshold issue is whether this Court has jurisdiction to review FTC's discovery order. The Administrative Procedures Act

provides for judicial review of a *final* agency action for which there is no other adequate remedy in a court. (Emphasis added.) 5 U.S.C. § 704. "Agency action" includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof. 5 U.S.C. § 551(13).

These statutes have been interpreted to permit judicial review of agency discovery orders under limited circumstances. A person under an FTC order to produce information has the right to seek judicial review after the FTC serves it with notice of default, without first awaiting judicial enforcement of the discovery order. *Genuine Parts Co. v. FTC*, 445 F.2d 1382 (5th Cir.1971). In *A.O. Smith Corp. v. FTC*, 530 F.2d 515 (3d Cir.1976), the FTC had not yet issued a notice of default for plaintiff's failure to file a requested report. However, the Court nonetheless found the FTC order requiring the report to be both final and ripe for review because plaintiff's challenges to the order were purely legal, the FTC order warned of sanctions for failure to file, FTC had denied plaintiff's motion to quash the order, and FTC throughout the administrative proceeding had steadfastly conveyed the impression that it desired full and prompt compliance. *Id.* In the present case, TK-7's challenges to FTC's discovery order of relevancy and trade secrecy are also purely legal. In addition, TK-7 has fully exhausted its administrative remedies with respect to this discovery dispute, and FTC is seeking administrative sanctions against TK-7 for failure to comply. Therefore, for purposes of this action, FTC's discovery orders are final and ripe for review. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 151–153, 87 S.Ct. 1507, 1517–1518, 18 L.Ed.2d 681, 693–694 (1967); *A.O. Smith Corp. v. FTC, supra.*

Judicial review of administrative discovery orders prior to a final agency decision is also available where exceptional circumstances are present. *Frey v. Commodity Exchange Authority*, 547 F.2d 46 (7th Cir.1976). A plaintiff need not await final agency action to obtain judicial review if the preliminary agency decision clearly violates the plaintiff's statutory or constitutional rights. *Barnes v. Chatterton*, 515 F.2d 916, 920 (3d Cir.1975). In the present case, the Court is satisfied that plaintiff's trade secrets, if relevant, are discoverable by FTC. *FTC v. Lonning*, 176 U.S.App. D.C. 200, 539 F.2d 202 (1976); *FTC v. Tuttle*, 244 F.2d 605, 616 (2d Cir.1957); *Charles of the Ritz Distributors Corp. v. FTC*, 143 F.2d 676, 679 (2d Cir.1944). However, TK-7 objects to production of its secret formula primarily on the ground that FTC intends to disclose it to outside laboratories, consultants, or witnesses who in turn might disclose it to TK-7's competitors. FTC argues in response that its September 12, 1989 "Protective Order for Confidential Documents and Information" provides adequate protection of plaintiff's concerns. The Court notes, however, that FTC's protective order permits FTC to disclose TK-7's product formulas to independent experts, and outside consultants, contractors, and witnesses without TK-7's prior consent. September 12, 1989 Protective Order, p. 2, ¶ 6(d), (e). 15 U.S.C. § 46(f) prohibits FTC from disclosing a corporation's trade secrets except to appropriate federal or state law enforcement agencies. In addition, 15 U.S.C. § 57b–2(b)(3)(B), (C) prohibits disclosure of documents, reports, or answers to questions, received pursuant to compulsory process or investigation, to any individual other than a duly authorized officer or employee of the Commission without the consent of the person who produced the material.[1] The Court is not convinced that FTC's Protective Order and proposed disclosure of TK-7's formula are in compliance with these provisions of the law. Therefore FTC's discovery order is also reviewable at this time on the basis of an apparent conflict with applicable law. 15 U.S.C. § 46(f), 57b–2(b)(3)(B), (C).

---

1. The Court finds it interesting that plaintiff's lengthy 20–page and 23–page briefs do not even mention these statutes.

The Court also finds that genuine issues of material fact are present with respect to TK–7's relevancy objection, which issues preclude summary judgment in favor of FTC.  Fed.R.Civ.P. 56(c).

For the above stated reasons, FTC's Motion for Summary Judgment is hereby DENIED.

IT IS SO ORDERED.