**TK–7 CORPORATION, and Moshe Tal, Plaintiffs,**

v.

**FEDERAL TRADE COMMISSION, Defendant.**

**No. CIV–89–1951–W.**

United States District Court, W.D. Oklahoma.

May 21, 1990.

Moshe Tal, Oklahoma City, Okl., pro se.

John A. Claro, Bert Barefoot, Jr., Julie E. Bates, Claro & Johnston, Okl. City, Okl., for plaintiffs.

Timothy D. Leonard, U.S. Atty., Eleanor Thompson, Asst. U.S. Atty., for defendant.

## ORDER

LEE R. WEST, District Judge.

This matter is before the Court on the Motion for Summary Judgment of the Defendant Federal Trade Commission ("FTC"), to which motion Plaintiffs TK–7 Corporation and Moshe Tal (hereinafter collectively referred to as "TK–7") have responded.

The facts which gave rise to this case are set forth in this Court's January 31, 1990 order, 729 F.Supp. 1313, and will not be repeated here.

In resisting disclosure of the chemical formula for its fuel additive, TK–7 challenges the relevancy of the formula to the Commission's proceedings, the adequacy of the Protective Order entered by the Administrative Law Judge ("ALJ") in safeguarding the confidentiality of the formula as TK–7's trade secret, and the propriety of FTC's intended disclosures of the secret formula. The issues raised by each of these challenges will be discussed in the order they are above listed.

### (1) *Relevancy of Formula*

The purpose of the pending administrative proceedings before the FTC is to determine whether TK–7 has made false and/or unsubstantiated performance claims for its fuel additive product. FTC's experts, Jerry Allsup and Stanley Syria, both express the opinion that the TK–7 formula is relevant and necessary to the Commission's evaluation of plaintiff's efficacy claims for its additive. In rebuttal, TK–7 has offered the affidavit of its expert, Richard Hurn, expressing his opinion that knowledge of the chemical composition of TK–7 is both unnecessary and irrelevant to a determination of its performance capabilities, which can be properly determined by testing alone.

■ In administrative law enforcement proceedings, the FTC's power to subpoena a company's confidential records and information relevant to the proceeding is broad. *FTC v. Gibson Products, Inc.*, 569 F.2d 900, 908 (5th Cir.1979); *FTC v. Hallmark, Inc.*, 265 F.2d 433 (7th Cir.1959). In such proceedings, administrative agencies should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties. *FCC v. Schreiber*, 381 U.S. 279, 291, 85 S.Ct. 1459, 1468, 14 L.Ed.2d 383 (1965), quoting *FCC v. Pottsville Broadcasting Co.*, 309 U.S. 134, 143, 60 S.Ct. 437, 441, 84 L.Ed. 656 (1940). In actions challenging FTC's right to subpoena confidential information, the courts have supported FTC's policy that "to the fullest extent practicable, the strategy of surprise and the art of concealment will have no place in a Commission proceeding."

*FTC v. Gibson Products, Inc.*, supra at 909; *All–State Industries of North Carolina, Inc.*, 72 FTC 1020, 1023 (1967). Evidence is deemed relevant if it has any tendency to make the existence of a fact more or less probable that it would be without the evidence. Fed.R. Evidence 401.

In at least two cases arising from FTC investigations of the truthfulness of advertised product performance claims, the issue of FTC's right to discover a confidential product formula was raised. In *FTC v. Karr*, 1978–1 CCH Trade Cas. ¶ 61932, the Court upheld the FTC's subpoena of the quantitative formula of a skin-care preparation as reasonably relevant to the administrative investigation. In *Charles of the Ritz Distributors Corp v. FTC*, 143 F.2d 676, 679 (2d Cir.1944), the Court held that the respondent was not privileged to stand upon its refusal to disclose the chemical formula of his product as a trade secret. TK–7 offers no authority to rebut these cases, or to support its proposition that a product formula is irrelevant to the issue of whether the product will perform as claimed, when the performance claims can be either verified or disproved by testing, and no allegation is made that the formula itself has been misrepresented.

■ Based on the above authority, the Court finds that the TK–7 formula, although not in and of itself determinative by any means, is at least relevant to the underlying FTC inquiry. The formula is relevant at least to the extent it will permit FTC's expert witness to express his opinion on whether TK–7 can perform as advertised. This opinion is, of course, not conclusive of the issue, and can possibly be rebutted by the opinion of TK–7's experts, or by the results of actual performance tests. But the formula is clearly relevant within the meaning of Fed.R.Evid. 401.

TK–7 argues that summary judgment should be denied because FTC's experts have not been subject to cross-examination on their statements concerning the relevancy and need for the chemical formula. However, TK–7 does not need a judicial trial in order to cross-examine FTC's witnesses. It can cross-examine any of FTC's

witnesses in the pending administrative proceeding.

Finally, TK–7 argues that opposing experts' opinions on an issue precludes summary judgment and requires a trial at which the issue can be decided by the trier of fact. TK–7 cites as support *Hughes v. American Jawa, Ltd.*, 529 F.2d 21 (8th Cir.1976). However, *Hughes* was a product liability tort action, and the disputed issue that required trial was an issue of fact, not of law. The disputed issue in the present case is the issue of relevancy, an evidentiary, legal issue. TK–7 cites no authority for the proposition that relevancy issues should be submitted to the trier of fact.

### (2) *Adequacy of Protective Order*

The Court's January 31, 1990 order expressed a concern over whether the ALJ's September 2, 1989 Protective Order, which permits FTC to disclose TK–7's trade secret formula to independent experts and witnesses without prior consents by TK–7, satisfies the confidentiality requirements of 15 U.S.C. § 46(f) and 15 U.S.C. § 57b–2(b)(3)(B), (C). These statutes prohibit the FTC from disclosing a corporation's trade secrets to other than duly authorized officers and employees of the Commission, and law enforcement agencies. FTC has named Anton Hehn and Dr. E. Erwin Klaus as independent expert consultants or witnesses to whom it might need to disclose TK–7's formula. TK–7's concern is that, if FTC reveals its formula to these or other persons outside the FTC, such persons might in turn disclose it to TK–7's competitors.

The term "employee" as used in 15 U.S.C. § 46 has been construed to include not only permanent, full-time employees of the Commission, but also non-regular, "special employees" who are hired and supervised in a careful manner so as to ensure the confidentiality of information to which

they are given access. *Aluminum Co. of America v. FTC*, 589 F.Supp. 169 (D.C.N.Y.1984). In addition, the legislative history of 15 U.S.C. § 57b–2(b)(3) reveals that Congress specifically contemplated that the act should not preclude disclosure of confidential information to outside consultants retained by the FTC who had executed confidentiality agreements.[1]

■ Both Anton Hehn and Dr. Klaus have been appointed as "special government employees" under 18 U.S.C. § 202(a), and the Federal Trade Commission Administrative Manual, Chapter 3, § 200.3. Both have also executed Confidentiality and Nondisclosure Agreements with the FTC. Therefore the Court finds that FTC's proposed disclosure of TK–7's formula to FTC's special employees is in compliance with 15 U.S.C. § 46(f) and § 57b–2(b)(3)(B), (C).

TK–7's interest in preserving the confidentiality of its trade secret is further protected by the Trade Secrets Act, 18 U.S.C. § 1905, which makes it a felony for any federal employee to unlawfully disclose trade secrets or confidential information. In addition, the federal larceny statute, 18 U.S.C. § 641, prescribes criminal sanctions for the theft, embezzlement, or knowing conversion of any "thing of value" in the government's posession.

With respect to non-expert witnesses, the Protective Order requires that TK–7 be given seven working days' notice before FTC reveals confidential information to such witnesses. During this notice period, TK–7 may make any appropriate motion to the ALJ to halt the proposed disclosure.

The Court therefore finds that the Protective Order entered by the ALJ is consistent with all relevant confidentiality requirements of the law, and that it provides adequate protection of TK–7's interests in its trade secrets.

---

1. Section 14 of the bill provides in Section 21(b)(3)(B) that the custodian may provide copies of documents to authorized officers or employees of the Commission. This does not preclude use of these documents by consultants retained by the Commission provided that they have signed a written agreement not to disclose information without the Commission's consent. Introduction to Conference Report on the 1980 FTC Improvements Act, Senator Ford, 126 Cong. Rec. 11914 (May 21, 1980).

**(3)** *Propriety of FTC's Intended Use of Formula*

TK–7's final objection to disclosure of its formula is based on alleged improper contacts by FTC with TK–7's competitors.

 In performing its law enforcement duties, an administrative agency is entitled to a presumption of regularity, i.e., that it will discharge diligently and in good faith its responsibilities under the law. *FCC v. Schreiber,* supra, 381 U.S. at 296, 85 S.Ct. at 1470; *FTC v. Owens–Corning Fiberglas Corp.,* 626 F.2d 966, 975 (D.C.Cir.1980). This presumption also extends to consultants retained by the agency. *United Steelworkers v. Marshall,* 647 F.2d 1189, 1217 (D.C.Cir.1980), *cert. denied,* 453 U.S. 913, 101 S.Ct. 3148, 3149, 69 L.Ed.2d 997 (1981). The burden is therefore on the party alleging improper conduct by an agency or its consultants to rebut the presumption of regularity. The Court finds that TK–7 has failed to carry that burden in this case.

First, the alleged conspiracy between FTC, Phoenix Laboratories, and TK–7's competitors is unsupported by any credible evidence. TK–7 has made no showing that Anton Hehn, FTC's consultant who assisted in the pre-complaint investigation, has any ties to Phoenix Laboratories or to any of Plaintiffs' competitors. Further, FTC states that it does not anticipate using Phoenix Laboratories or Hehn any further in the TK–7 case.

TK–7 argues that FTC's calling of Barry Ganek, a former marketer for TK–7 who has also worked for Dr. Barbouti, a competitor of TK–7, as a witness in the administrative proceeding was improper. However, FTC's calling of Ganek in itself is not evidence of improper conduct or conspiracy by the FTC. The evidence is that FTC sought the testimony of Ganek because of his prior affiliation with TK–7 and knowledge about its products, and for no other reason.

TK–7 also complains that James Michaels, another competitor of TK–7, is a prospective witness for FTC. However, FTC replies that Michaels will be called to testify, if at all, as a non-expert witness. As such, FTC is prohibited by the Protective Order from revealing to Michaels TK–7's formula without prior notice to TK–7 and an opportunity for a hearing. Thus, the Protective Order sufficiently safeguards TK–7's concerns as to Michaels.

Finally, TK–7 argues that FTC's apparent abandonment of the Phoenix Laboratories report and the testimony of Hehn as a basis for its administrative proceedings is evidence of impropriety by FTC. This argument is wholly unpersuasive. What evidence the agency chooses to rely upon in its law enforcement proceedings is entirely a matter of prosecutorial discretion with its counsel.

*Conclusion*

For the above stated reasons, the Court finds that there is no genuine issue of material fact in this case, and that FTC's Motion for Summary Judgment should be and is hereby GRANTED. Fed.R.Civ.P. 56(c). TK–7's claim for injunctive and declaratory relief is DENIED.

IT IS SO ORDERED.