David H. RAMBEAU et al., Plaintiffs,

v.

James DOW, Acting Director of the Federal Aviation Administration, et al., Defendants.

No. 75 C 2044.

United States District Court, N. D. Illinois, E. D.

May 25, 1976.

---

Charles J. Barnhill, Jr., Davis, Miner & Barnhill, Chicago, Ill., for plaintiffs.

Samuel Skinner, U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM DECISION

MARSHALL, District Judge.

Plaintiffs, who are air traffic controllers at O'Hare Airport, bring this suit alleging that the conditions of extreme stress under which they must work cause permanent damage to their health in violation of their rights under the Occupational Safety and Health Act of 1970 (OSHA), 29 U.S.C. §§ 655 *et seq.* They assert that jurisdiction is here under 28 U.S.C. §§ 1331, 1361, and 5 U.S.C. § 704. Defendant officials of the Federal Aviation Administration (FAA) and Civil Service Administration (CSC) move to dismiss the complaint for lack of subject matter jurisdiction. *Fed.R.Civ.P.* 12(b)(1).

Plaintiffs contend that their working conditions impair their health and shorten their careers by a significant margin. Of the one hundred and twenty-five full time controllers currently working at O'Hare, one third have active permanent ulcers, and another third show symptoms of developing such ulcers before reaching the age of forty. FAA studies indicate that air traffic controllers at work experience more stress than military pilots flying in combat. The working conditions at the O'Hare tower are especially difficult because O'Hare is the world's busiest airport.

The controllers argue that the stress could be reduced by changing various operational and personnel policies of the FAA. The plaintiffs would have defendants hire more controllers so that the plaintiffs could work less than forty hours per week, thereby giving them more time to recuperate from the pressures of their work. They would change present methods of training journeyman controllers, and they would modify the computer system currently in use either by substituting a completely different unit or developing a backup system. The controllers have presented these ideas to FAA officials at O'Hare through the agency's grievance procedure, but their grievances have been denied. They now ask this court to review the FAA's actions and for relief in the nature of mandamus.

Defendants answer that this court lacks jurisdiction over the subject matter of this case because, *inter alia*, plaintiffs have not exhausted an available administrative remedy. Shortly before this action was commenced, the FAA instituted a formal complaint procedure by which regional employ-

ees who wished to complain of health or safety hazards could report to the FAA's Occupational Safety Manager in Washington, as provided by 29 C.F.R. § 1960.31. Unsatisfactory decisions can be appealed further to the Office of Federal Agency Safety, Department of Labor. The plaintiffs did not pursue these agency remedies before filing this suit. They argue that they should not be required to do so because they have already presented their case to the FAA and further appeal would be fruitless. Noting that the requirement of exhaustion is within the discretion of the court, *Martinez v. Richardson,* 472 F.2d 1121 (10th Cir. 1973), they request that it be waived in this case.

■ Three factors must be considered in determining whether a plaintiff should be required to exhaust administrative remedies before seeking judicial review: (a) the relative clarity of the agency's jurisdiction over the case at bar, (b) the involvement of specialized administrative understanding in the questions presented, and (c) the extent of injury which may result from requiring further pursuit of administrative remedies. *Bailey v. United States,* 451 F.2d 963 (5th Cir. 1971); *Lone Star Cement Corp. v. F. T. C.,* 339 F.2d 505 (9th Cir. 1964).[1] The jurisdictional aspects of this problem are clear. The FAA and the Office of Federal Agency Safety are authorized by statute and regulations to correct conditions within the working environment which endanger the health of federal employees. Procedures for appeal to these offices were available before plaintiffs brought this action. Since these offices have jurisdiction, plaintiffs should not be permitted to circumvent the administration unless the added delay will cause irreparable harm.

■ Plaintiffs are not threatened by the prospect of an immediate injury which demands emergency attention, nor are they affected by a single cause which can readily be identified and corrected. Their injuries result from a complex of factors which can only be corrected by fundamental changes in control tower operations. To change one factor, such as reducing the length of the work week, would only create other problems such as the training of additional personnel needed to replace the workers. Given the complexity of the problem, the need to apply agency expertise to these issues before attempting judicial review outweighs the need for immediate action. Requiring the plaintiffs to appeal to the available agencies will provide the benefit of agency expertise, and the appeal will develop a record from which a reviewing court can properly evaluate the technical questions presented by the case. *McKart v. United States,* 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969). The plaintiffs' claim under 5 U.S.C. § 704 is dismissed for failure to exhaust administrative remedies.

■ Count I of the complaint requests relief in the nature of mandamus. Mandamus is not available to a plaintiff who has not exhausted his administrative remedies. *Richardson v. United States,* 465 F.2d 844 (3d Cir. 1972), *rev'd on other grounds,* 418 U.S. 166, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1975); *Angle v. Laird,* 429 F.2d 892 (10th Cir. 1970). For the reasons stated above, this claim for relief must also be dismissed.

■ Count II of the complaint purports to state a constitutional claim. The plaintiffs allege that by maintaining a work environment which damages their health and shortens their careers, the FAA deprives them of a property interest in their jobs without due process of law. This argument is but another form of presenting the issues originally raised before the FAA. The plaintiffs must exhaust their administrative remedies before seeking judicial review.

---

1. This test differs slightly from the exhaustion test announced by the Court of Appeals in *Borden v. F. T. C.,* 495 F.2d 785 (7th Cir. 1974), and followed by this court in *Beltone v. F. T. C.,* 402 F.Supp. 590 (N.D.Ill.1975). The *Borden* test was developed in the specific factual context of an attempt to interrupt an administrative proceeding by a party who was a defendant in that proceeding. It is less appropriate in the present context than the broader, more general test announced above.

Defendants' motion to dismiss is granted. Action dismissed.