George F. FREY, Jr., Plaintiff-Appellee,

and

Edward A. Cox, Jr.,
Intervenor-Plaintiff-Appellee,

v.

The COMMODITY EXCHANGE AUTHORITY et al.,
Defendants-Appellants.

No. 74–1775.

United States Court of Appeals,
Seventh Circuit.

Argued April 1, 1975.

Decided Dec. 14, 1976.*

Rehearing and Rehearing En Banc Denied Jan. 11, 1977.

---

* Senior Circuit Judge Thomas F. McAllister heard oral argument and participated in the conference of the court, but died before this opinion was submitted to him for approval.

Carla A. Hills, Asst. Atty. Gen., New York City, Ronald R. Glancz, Atty., Dept. of Justice, Civ. Div., Appellate Section, Washington, D.C., Samuel K. Skinner, U.S. Atty., Chicago, Ill., for defendants-appellants.

Lee A. Freeman, Jr., Robert P. Howington, Jr., Chicago, Ill., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, McALLISTER, Senior Circuit Judge,** and SWYGERT, Circuit Judge.

FAIRCHILD, Chief Judge.

We are asked in this appeal to decide whether a respondent, charged in an administrative proceeding with "manipulating the price of a commodity for future delivery" in violation of the Commodity Exchange Act, 7 U.S.C. §§ 9, 13, and 13(b), is entitled as a matter of right to pre-hearing discovery. The district court has held that the Commodity Exchange Act, 7 U.S.C. § 15, grants the plaintiffs-appellees in this case the right to pre-hearing discovery by means of *subpoenas duces tecum* and depositions. The judge enjoined the disciplinary proceedings which were being held before the Administrative Law Judge "until plaintiffs have the opportunity to pursue and complete pre-hearing discovery with respect to all facts which are relevant and material to the issues raised by the complaint . . . ." We conclude, however, that this decision prematurely interrupts the administrative process.

## I

Appellees, George F. Frey, Jr. and Edward A. Cox, Jr.,[1] are registered floor brokers and members of the Chicago Board of Trade. A complaint was filed before the Secretary of Agriculture on July 6, 1972 by the Commodity Exchange Authority (CEA), charging the appellees with manipulating or attempting to manipulate the price of May 1971 wheat futures contracts on the Chicago Board of Trade. Following a prehearing conference on April 25, 1973, the CEA supplied the appellees with copies of exhibits which it intended to introduce and a list of witnesses which it intended to call at the hearing. Appellees subsequently filed statements of discovery requirements

---

** The Honorable Thomas F. McAllister of the United States Court of Appeals for the Sixth Circuit is sitting by designation.

1. Frey and Cox are both respondents in the administrative proceeding. Frey was the original plaintiff before the district court. Cox was permitted to intervene as a plaintiff.

and applications for *subpoenas duces tecum* and depositions. They argued that, in order to prepare an adequate defense, they would need to determine how much wheat had been available for delivery in May 1971, who controlled the wheat available for delivery, and the location of this wheat. Therefore, they requested the issuance of subpoenas to secure the records and testimony of certain traders. The CEA opposed the discovery applications on the grounds that the Commodity Exchange Act did not provide for pre-hearing discovery. The Administrative Law Judge denied the applications, concluding that the Commodity Exchange Act, the applicable Rules of Practice, and the Administrative Procedure Act do not provide for discovery as a matter of right, and that parties to quasi-judicial proceedings are not entitled to discovery as a matter of constitutional right.

There were further conferences and applications for the purpose of pre-hearing discovery. CEA took the further position that reports of traders, sought to be discovered were confidential.

On April 25, 1974, the Administrative Law Judge set the matter for hearing in June, and again denied pre-hearing discovery. In his ruling, he specified that:

. . . [I]f the evidence presented by Complainant at the hearing discloses the relevancy and materiality of the requested documents and reports they may be produced at hearing in response to *subpoenas duces tecum* in accordance with Section 0.13(b) of the Rules of Practice. In the event of a dispute concerning the relevancy or materiality of any specific document or report, considered to be confidential by the CEA or the Chicago Board of Trade, such document or report will be received by the Administrative Law Judge *in camera* for his determination and disposition. Where required, the Administrative Law Judge will issue a protective order to insure the continued confidential treatment of any such document or report.

The Administrative Law Judge has advised the parties that he believes that most of the information in the documents and reports requested by Respondents can be summarized and is susceptible of stipulation by the parties in a form which will preserve the confidentiality of the information contained in them.

Thereafter, and before the date set for hearing, plaintiff Frey filed his complaint in the district court seeking declaratory and injunctive relief. He averred that reports in the possession of CEA and others would refute CEA's claim of a short supply of deliverable wheat; that the refusal of appellants to produce the information prior to hearing violates due process of law; that Frey would be irreparably harmed if forced to defend himself without being given access to the information; and that he has a clear right to pre-hearing discovery under the Commodity Exchange Act, and applicable rules.

The district court concluded, in part:

2. That the relevant provisions of the Commodity Exchange Act, 7 U.S.C. § 15, and the administrative regulations promulgated thereunder, 17 C.F.R. §§ 0.7, 0.12 and 0.13, confer upon plaintiffs the right to prehearing discovery by subpoenas duces tecum and depositions of witnesses.

\*  \*  \*  \*  \*  \*

4. That the Administrative Law Judge erred in his decision that statutory law makes no provision for discovery in disciplinary proceedings brought by the Department of Agriculture.

5. That the arbitrary denial of prehearing discovery in CEA Docket No. 192 deprives plaintiffs of due process of law and prevents plaintiffs from securing information that is essential to the preparation of a defense.

6. That the trading reports filed pursuant to Section 18.00 of the Regulations under the Commodity Exchange Act with respect to the May 1971 wheat futures contract must be produced in CEA Docket No. 192 and may not be withheld as private or confidential.

Accordingly, the district court enjoined the administrative proceedings until appel-

lees have the opportunity to complete prehearing discovery with respect to all relevant facts.

Plaintiffs had predicated jurisdiction upon 5 U.S.C. §§ 702, 706 and 28 U.S.C. §§ 1331, 1337, and 1361. The district court concluded it had jurisdiction under 28 U.S.C. § 1361, and "general equity jurisdiction to enjoin administrative proceedings that violate due process of law."

## II

The appellants argue that the district court's order was premature because of the "long settled rule of judicial administration that no one is entitled to judicial relief, for a supposed or threatened injury, until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Corp.*, 303 U.S. 41, 51, 58 S.Ct. 459, 463, 82 L.Ed. 638 (1938). This doctrine has retained its vitality, and apart from narrow exceptions, *Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958) and *McKart v. U. S.*, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969), the federal courts continue to apply it in order to avoid the untimely interruption of the administrative process. *Borden, Inc. v. F.T.C.*, 495 F.2d 785, 787 (7th Cir. 1974). *Nor-Am Agricultural Products, Inc. v. Hardin*, 435 F.2d 1151, 1160 (7th Cir. 1970), *cert. dismissed*, 402 U.S. 935, 91 S.Ct. 1399, 28 L.Ed.2d 870 (1971).

■ The premature nature of the district court action is evident in the perspective of the provisions of the Commodity Exchange Act, 7 U.S.C. § 1 *et seq.* The Secretary of Agriculture is authorized under the Act, 7 U.S.C. § 9, to serve a complaint upon any person who he has reason to believe has ". . . manipulated or is attempting to manipulate the market price of any commodity, in interstate commerce . . .." After a hearing, the referee must submit his findings to the Secretary, who may then issue an order prohibiting the party from trading on any contract market, and if the party is registered as futures commission merchant or as a floor broker, the Secretary may suspend or revoke the registration for "a period not to exceed six months." Following the issuance of such an order, the party may obtain review of the Secretary's action by filing in the United States Court of Appeals in the circuit in which he is doing business. The court has the jurisdiction "to affirm, to set aside, or modify the order of the Secretary," except that the findings of fact made by the Secretary are conclusive, if supported by the weight of evidence. 7 U.S.C. § 9.

Obviously the administrative proceeding here had not progressed to a hearing. Who knows whether the Administrative Law Judge will find the evidence sufficient to sustain the charges, or whether the Secretary will agree with him if he does? If the final order were favorable to appellees, the present contentions would be moot. Once the hearing be completed, the devices suggested by the Administrative Law Judge may have proved adequate, or events at the hearing may demonstrate a need for the inquiry desired by appellees, and persuade the Administrative Law Judge to follow a procedure which will satisfy them. See *Maremont Corporation v. F.T.C.*, 431 F.2d 124, 128 (7th Cir. 1970). "Until administrative action has become final, no court is in a position to say that such action did or did not conform to applicable regulations." *Sampson v. Murray*, 415 U.S. 61, 74, 94 S.Ct. 937, 945, 39 L.Ed.2d 166 (1974).

■ Assuming a final order, adverse to appellees, and that they continue to contend that denial of discovery prejudiced their defense, such denial may be reviewed along with review of the final action. 5 U.S.C. § 704, *Bristol-Myers Company v. F.T.C.*, 469 F.2d 1116, 1117 (2d Cir. 1972).

■ As is true in much litigation, correction of a procedural error on ultimate appeal will not avoid duplication of effort. But, "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. 1, 24, 94 S.Ct. 1028, 1040, 39 L.Ed.2d 123 (1974).

One of the exceptions to the rule that administrative remedies are not to be by-

passed has been recognized where "the agency has clearly violated a right secured by statute or agency regulation." *Borden, Inc. v. F.T.C.*, 495 F.2d 785, 786–787 (7th Cir. 1974). "[O]nly in exceptional instances . . . will administrative orders dealing with discovery of documents or matters of admissibility of evidence warrant judicial intervention prior to the final agency decision." *Barnes v. Chatterton*, 515 F.2d 916, 921 (3d Cir. 1975).

Appellees' claim of a clear right to discovery is based upon certain statutory language authorizing the taking of depositions.

The Commodity Exchange Act, 7 U.S.C. § 15, incorporates by reference provisions of the Interstate Commerce Act, 49 U.S.C. § 12, "relating to the attendance and testimony of witnesses and the production of documentary evidence."

49 U.S.C. § 12 provides in its various subsections for investigations and hearings, the power to compel attendance of witnesses by subpoena, the enforcement of subpoenas, and the like. Subsection (4) relates particularly to depositions and provides, in part, "The testimony of any witness may be taken, at the instance of a party, in any proceeding or investigation depending before the Commission, by deposition, at any time after a cause or proceeding is at issue on petition and answer. . . . Any person may be compelled to appear and depose, and to produce documentary evidence, in the same manner as witnesses may be compelled to appear and testify and produce documentary evidence before the Commission as hereinbefore provided."

▪ Appellants suggest that subsection (4), originating in 1891, was intended only to facilitate the taking of testimony of witnesses who would be inconvenienced by attending a hearing and that it has not been construed as a provision for discovery. We need not reach the question as to the breadth of discretion it may confer upon the Interstate Commerce Commission[2] or the Secretary of Agriculture to permit inquiry by parties involved in agency proceedings for the purpose of discovery. For the purpose of this appeal, we conclude only that this statute, and the implementing regulations,[3] do not confer upon such parties so clear a right to conduct discovery as to warrant judicial interference when discovery is denied by interlocutory order of the agency.

The judgment appealed from is reversed, and the cause remanded with directions to dismiss.

---

**2.** Our attention has been called to the adoption of discovery rules by the Interstate Commerce Commission, predicated upon § 12(4) in combination with other statutory provisions. ICC Reports, EX PARTE No. 55 (SUB–No. 3), October 11, 1974.

**3.** 17 C.F.R. § 0.7(d)(1)–(9), empowers the administrative law judge to rule on motions, set the time and place of the hearing, issue subpoenas, summon and examine witnesses, take depositions, and hear oral argument.

17 C.F.R. § 0.12(a) provides that "[u]pon the application of a party to the proceeding, the judge may, at any time after the filing of the complaint or notice of proceeding, order the taking of testimony by deposition." Section 0.12(b) further provides that "[i]f the judge is satisfied that good cause for taking the deposition is present, he may order its taking."

17 C.F.R. § 0.13(a) provides that "[s]ubpoenas may be issued by the Secretary or by the judge, upon a reasonable showing by the applicant of the grounds, necessity, and reasonable scope thereof."