**Paul C. STRUSINER, Plaintiff,**

**v.**

**Paul J. PERLIN, Philip Bloom and the Board of Trade of the City of Chicago, a Body Politic and Corporate, of the State of Illinois, John Doe, Richard Roe and Others Whose Identities are Presently Unknown, Defendants.**

**No. 79 C 963.**

United States District Court,
N. D. Illinois, E. D.

Oct. 17, 1979.

William M. Phelan, Camillo F. Volini, Chicago, Ill., for plaintiff.

John T. Coleman, Baker & McKenzie, Philip F. Johnson and John H. Stassen, Kirkland & Ellis, Clive D. Kamins, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

This cause comes before the court on the motion of the defendant Board of Trade of the City of Chicago (CBOT) to dismiss Counts IX, X and XI of the plaintiff's first amended complaint. Also before the court is the motion of defendant Paul J. Perlin to dismiss Counts I, II, III, VII, VIII and XII of the same complaint. Both motions were brought pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

In his complaint, the plaintiff, Paul C. Strusiner, makes a number of involved and, in places, very complex claims. All of the claims appear to have developed, at least indirectly, out of the business relationship Mr. Strusiner maintained with defendant Perlin. The amended complaint at issue contains twelve Counts. Six Counts, those brought against defendant Perlin, deal primarily with the validity and enforceability of certain agreements the plaintiff entered into with that defendant during the course of their business relationship. The claims contained therein raise questions involving general contract law and the Illinois version of the Uniform Partnership Act, Ill.Rev. Stat. ch. 106½, § 1 *et seq.* The two claims made against defendant Philip Bloom, for legal malpractice and breach of fiduciary duty, involve the same agreement.

In Count VI, the plaintiff contends that certain unknown persons entered into a common law conspiracy to deprive him of his seat on the Board of Trade of the City of Chicago. The plaintiff's suspension from trading and eventual loss of membership on the Board of Trade was based in part on the fact that Mr. Strusiner appeared to be substantially in debt to defendant Perlin. The validity of that debt, which had been assumed by the plaintiff pursuant to one of the agreements now in question, is among the matters currently at issue in this litigation.

The claims made in Counts IX, X and XI are the only ones which pertain to the defendant CBOT. Each of these claims relates to and hinges upon the alleged invalidity of the procedures followed by the CBOT when it acted to suspend the plaintiff's trading privileges. Mr. Strusiner contends in these Counts that the procedures utilized by the CBOT in his case were improper in that they were not in accord with the Board's own rules or with the provisions of 7 U.S.C. § 7a(8) & (9), and because they failed to satisfy the due process requirements of the constitutions of Illinois and the United States.

This lawsuit was filed initially in the Circuit Court of Cook County. The claims against the CBOT were first raised in the amended complaint at issue. After being served with the current complaint, the CBOT, arguing that violations of the United States Constitution and federal statutes both had been alleged, timely petitioned this court, pursuant to 28 U.S.C. § 1441(b), to have the action removed. Its petition was granted, and the case was duly transferred. Accordingly, as the amount in controversy exceeds $10,000, exclusive of interest and costs, subject matter jurisdiction over those claims relating to the CBOT properly lies pursuant to 28 U.S.C. § 1331(a).

As the jurisdiction of this court is predicated upon the claims brought against the CBOT, the motion of that defendant will be considered first. Concurrent with the filing of its motion to dismiss, the CBOT presented the affidavit of Bernard F. Doyle. Realizing after a brief examination of the document that the Doyle affidavit might prove helpful to its understanding of the circumstances surrounding the plaintiff's claims against the CBOT, this court elected not to exclude it. Accordingly, on September 21, 1979 the relevant parties were notified that, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, the CBOT's motion to dismiss would be treated as one for summary judgment. The parties were given leave at that time to file additional affidavits and responsive memoranda, and such materials are now before the court.

■ From the materials submitted by the parties, the court has been better able to understand the framework upon which the plaintiff's claims against the CBOT were developed. After reviewing those materials, however, it became apparent that the threshold question to be resolved is whether, at this time, it would be proper for this court to hear these facets of the plaintiff's lawsuit.

It is not disputed that, subsequent to the CBOT's denial of his request for reinstatement, Mr. Strusiner petitioned the Commodity Futures Trading Commission (CFTC or Commission) to review the Board's actions. His petition was granted, and the

matter is now pending before the Commission. Doyle Affidavit at 15, ¶ 38. Pursuant to 7 U.S.C. § 12c(2) & (3), the CFTC is authorized to review any trading exchange decision which resulted in a member being "suspended, expelled, [or] otherwise disciplined." Upon completion of its review, the Commission is empowered to, if deemed warranted, "modify, set aside, or remand" any such trading exchange decision. As applied to the plaintiff's petition, the CFTC could, under this statutory grant of authority, direct that Mr. Strusiner be reinstated to membership on the CBOT. The defendant has conceded as much. Memorandum Of Law In Support Of Motion To Strike And Dismiss Of The Board Of Trade Of The City Of Chicago at 6.

■ As was noted above, the plaintiff's appeal before the CFTC has not as yet been resolved. It is well settled that the courts should not interrupt an administrative proceeding except under very limited and exceptional circumstances. *F. T. C. v. Feldman,* 532 F.2d 1092, 1095 (7th Cir. 1976). Generally speaking, judicial intervention with respect to a pending agency action is considered proper only in situations where a clear showing has been made that the plaintiff may be irreparably harmed by that action. *State of California ex rel. Christensen v. F. T. C.,* 549 F.2d 1321, 1323 (9th Cir. 1977); see *Renegotiation Board v. Bannercraft Clothing Co.,* 415 U.S. 1, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974). No such showing has been made in the present case. The fact that Mr. Strusiner has raised constitutional questions regarding the CBOT's procedures also is not, in and of itself, sufficient to allow this court to interrupt the CFTC's review proceedings. *Wallace v. Lynn,* 165 U.S.App.D.C. 363, 367, 507 F.2d 1186, 1190 (D.C.Cir.1974); see *Chicago Automobile Trade Ass'n v. Madden,* 328 F.2d 766, 769 (7th Cir. 1964).

In view of the fact that his CFTC appeal remains pending, it also cannot be said that the plaintiff has exhausted his administrative remedies. With respect to his claims against the CBOT, it appears clear that the CFTC can, pursuant to its statutory authority, provide Mr. Strusiner with the relief he seeks. 7 U.S.C. § 12c(3). The general rule that a party must exhaust his administrative remedies before relief can properly be sought in the courts thus is especially applicable in the present action, where pursuit by Mr. Strusiner of his CFTC appeal might well render judicial disposition of his claims unnecessary. *Hunt v. Commodity Futures Trading Commission,* 591 F.2d 1234, 1236 (7th Cir. 1979); *Frey v. Commodity Exchange Authority,* 547 F.2d 46, 49 (7th Cir. 1977).

Requiring the plaintiff to pursue his CFTC appeal to final resolution before proceeding in this court also will serve to further the principles underlying the exhaustion of remedies doctrine. While discussing the doctrine in *F. T. C. v. Feldman,* the Seventh Circuit noted that:

. . . The agency, like a trial court, is created for the purpose of applying a statute in the first instance. Accordingly, it is normally desirable to let the agency develop the necessary factual background upon which decisions should be based. And since agency decisions are frequently of a discretionary nature or frequently require expertise, the agency should be given the first chance to exercise that discretion or to apply that expertise . . . .

*Supra* at 1095, quoting *McKart v. U. S.,* 395 U.S. 185, 193–94, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1965). In his complaint, Mr. Strusiner specifically alleges that the procedures utilized by the defendant CBOT at the time it suspended his trading privileges were not in accord with, and therefore were violative of, the provisions of 7 U.S.C. § 7a(8) & (9). The CFTC is the agency Congress empowered to interpret the Commodity Exchange Act, 7 U.S.C. § 1 *et seq.* 1974 U.S.Code Cong. and Admin.News, p. 5843. As such, it possesses the special expertise needed to adequately evaluate the plaintiff's contentions. Mr. Strusiner's claim, therefore, is particularly amenable to adjudication by the Commission. See *Frey v. Commodity Exchange Authority, supra* at 49; *Rambeau v. Dow,* 430 F.Supp. 301, 303 (N.D.Ill.1976),

*aff'd as modified,* 553 F.2d 32 (7th Cir. 1977).

For the reasons stated above, it appears clear that Mr. Strusiner, in raising his claims against the CBOT in this court before pursuing his CFTC appeal to final resolution, acted improperly. That being so, Counts IX, X and XI of the plaintiff's first amended complaint are ordered dismissed. After the CFTC review proceedings have been completed, however, the plaintiff will be entitled to, if need be, reassert his claims in this court. 7 U.S.C. § 12c(3); see generally *Hunt v. Commodity Futures Trading Commission, supra* at 1237; *Frey v. Commodity Exchange Authority, supra* at 49. Accordingly, in that judicial review of such CFTC proceedings is statutorily provided for, the dismissal of Counts IX, X and XI is without prejudice. See *Rambeau v. Dow, supra* at 553 F.2d 32, 35.

■ The dismissal of Counts IX, X and XI resolves completely the claims made in this action against the CBOT. Said claims against the CBOT, however, constituted the sole basis for removing the present case from the state court. What remains in this action are a variety of claims for relief founded solely upon Illinois statutory and common law. No other basis for federal jurisdiction exists. Under such circumstances, the appropriate course of action is for this court, pursuant to 28 U.S.C. § 1441(c), to exercise its discretion and direct that the instant matter be remanded to the state court from which it was removed, the Circuit Court of Cook County, Illinois. *Bivings v. Grigsby,* 441 F.Supp. 887, 890 (E.D.Okl.1977); *Pisciotta v. Ferrando,* 428 F.Supp. 685, 688 (S.D.N.Y.1977); *Smith v. Rivest,* 396 F.Supp. 379, 383 (E.D.Wis.1975). Accordingly, it is so ordered.

Having ordered that the present case be remanded to the Circuit Court of Cook County, this court views itself as being without jurisdiction to rule upon those matters not yet decided. Accordingly, no ruling will be made with respect to the motion to dismiss filed by defendant Perlin.

IT IS SO ORDERED.