484 F.Supp. 893 (1980)
BEN GUTMAN TRUCK SERVICE, INCORPORATED, Plaintiff,
v.
TEAMSTERS LOCAL NO. 600, Defendant.
No. 80-247C(2).
United States District Court, E. D. Missouri, E. D.
February 29, 1980.
*894 J. Roger Edgar, Greensfelder, Hemker, Wiese, Gale & Chappelow, St. Louis, Mo., for plaintiff.
Jerome J. Duff, St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, District Judge.
This case is now before the Court for decision on the merits. Initially, a hearing was scheduled to consider plaintiff's motion for a preliminary injunction. Subsequently, the parties agreed that the trial on the merits should be advanced and consolidated with the hearing on the motion for a preliminary injunction. Testimony was subsequently given and evidence received. The following shall constitute this Court's findings of fact and conclusions of law, as required by Rule 52, Federal Rules of Civil Procedure.
Plaintiff brought this suit pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, and 28 U.S.C. § 2201. In essence, plaintiff alleges that defendant seeks to, and would unless enjoined, submit a non-arbitrable matter to the grievance procedure set up by the collective bargaining agreement between the parties. Plaintiff seeks a declaration that the dispute in question is non-arbitrable, and an injunction to prevent the submission of the dispute to the grievance procedure.
This Court is not concerned with the merits of the underlying dispute, Steelworkers v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); Local No. 6, etc. v. Boyd G. Heminger, Inc., 483 F.2d 129 (6th Cir. 1973), and extended discussion of the facts is therefore unnecessary to this case's disposition. The relevant facts are relatively simple: plaintiff and defendant are signatories to the National Master Freight Agreement and Central States Area Local Cartage supplemental agreement. The National agreement provides in Article 32 that, in order to preserve work and job opportunities for members of defendant, plaintiff agrees not to subcontract work to employers not covered by the agreements. Article 8 of the National agreement establishes a comprehensive grievance procedure. Disputes arising under Article 32 are expressly subject to the grievance procedure. See Article 32 § 2.
Several months ago, Ben Gutman, Jr., sole owner of plaintiff, along with several employees of plaintiff, organized National Distributing Company ("NDC"). Employees of NDC are not members of defendant union. It is clear that plaintiff leases equipment to NDC, but there is substantial dispute among the parties as to whether the formation and operation of NDC diminished the business available to plaintiff.
In any event, defendant, seeing that plaintiff had laid off some of its members due to a business slowdown, and seeing that plaintiff's sole owner had become majority stockholder in a rival cartage business run by ex-employees of plaintiff, filed grievances pursuant to Article 32. The grievances assert that the formation of NDC was merely a subterfuge to defeat the Teamsters contract, and seek recovery of back wages and benefits for work done by NDC employees. Plaintiff characterizes the dispute in question as a "representation dispute", and invokes Article 8, Section 2(a), which states that such disputes are not subject to the grievance procedure.
This Court's function in the present situation is clear. The Court is to determine if the parties have agreed to submit the instant dispute to arbitration. John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). Arbitration is favored in the scheme of industrial relations, and will be denied only upon clear evidence that the parties so intended; all doubts should be resolved in favor of arbitration. Id.
This Court is to determine whether the party seeking arbitration is making a claim which, on its face, is subject to arbitration. American Manufacturing Co., supra. Whether the moving party is right or wrong is a question for the arbitrator. The *895 Court should not weigh the merits of the grievance, consider whether the equities favor either party, or determine whether the language in the contract will ultimately support the party seeking arbitration.
In American Manufacturing Co., supra, the Court of Appeals had upheld the District Court's refusal to compel arbitration on the grounds that the grievance was frivolous. The Supreme Court initially stated that the parties had agreed "to submit all grievances to arbitration, not merely those that a court may deem to be meritorious". Id. at 567, 80 S.Ct. at 1346. In deciding that arbitration should have been compelled, the Court concluded, at 569, 80 S.Ct. at 1346:
The union claimed in this case that the company had violated a specific provision of the contract. The company took the position that it had not violated that clause. There was, therefore, a dispute between the parties as to "the meaning, interpretation and application" of the collective bargaining agreement. Arbitration should have been ordered.
A similar conclusion is dictated in the present case. Defendant has filed grievances pursuant to Article 32 alleging that the work performed by NDC employees is, in essence, subcontracted from the plaintiff. Plaintiff, in turn, has denied any relationship with NDC and has denied that it has subcontracted work to NDC. There is, therefore, a dispute between the parties as to whether plaintiff has subcontracted work to NDC in violation of Article 32 of the contract. Whether or not the facts support the union's assertion that plaintiff subcontracted with NDC is not before this Court, for the parties have agreed to submit all subcontracting disputes to arbitration, "not merely those which [the] Court may deem to be meritorious". American Manufacturing Co., supra.
Plaintiff asserts, however, that the grievances at issue present a "representation dispute". This Court must disagree. Whether or not defendant could also present a viable argument that it should represent the employees presently employed by NDC, and the result in this Court is defendant sought to grieve such a claim, is not at issue. Defendant has not done so. Defendant, in both the grievances and in pleadings filed in this Court, has merely asserted that plaintiff has subcontracted work to NDC. There is no attempt at present to assert a right to represent the employees working at NDC, nor is there any dispute among those employees as to who should represent them. As defendant has framed the issue in its grievances there is no "representation dispute". Brotherhood of Loc. Fire & Eng. v. National Mediation Board, 133 U.S.App. D.C. 326, 410 F.2d 1025 (D.C.App.Ct.1969); cf. Brotherhood of Ry. & S. S. Clerks v. United Air Lines, 325 F.2d 576 (6th Cir. 1963).
The facts as shown to this Court arguably indicate a violation of Article 32 of the contract. Defendant seeks to submit to arbitration a grievance under this Article. The contract between the parties, which obviously must control the disposition of this case, expressly makes such grievances arbitrable. Defendant is therefore entitled to submit the claim to arbitration.
Even assuming the present dispute to be non-arbitrable, this Court would be reluctant to grant the relief requested by plaintiff. A basic principle of equity is that a party is not entitled to injunctive relief absent a showing of irreparable harm in the absence of such relief. This Court does not perceive any "irreparable harm" to plaintiff from arbitration of this question, whatever may be the final result of the arbitration proceedings.
Federal courts have long possessed authority to compel arbitration, Textile Workers v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), and to grant declaratory relief as to the arbitrability of disputes in cases of actual controversy. American Fed. of Labor v. Western Union Tel. Co., 179 F.2d 535 (6th Cir. 1950); 28 U.S.C. § 2201; cf. Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962). The ultimate question involved in the present case, i. e. the arbitrability of the dispute, is the same as in *896 those contexts. This Court does not believe, however, that the same result as to the appropriateness of granting relief is dictated when injunctive relief to stay arbitration is requested. But, see, Black-Clawson Co., Inc. v. International Ass'n. of Mach., 313 F.2d 179 (2d Cir. 1962); Sperry Systems Man. Div. of Sperry Div. v. Engineers Union, 371 F.Supp. 198 (S.D.N.Y. 1974); Camden Industries Co. v. Carpenters Local Union No. 1688, 246 F.Supp. 252 (D.N.H.1965).
Plaintiff seeks the injunction to prevent the arbitration of an allegedly nonarbitrable dispute. If plaintiff does proceed with arbitration, however, the only harm is the normal expense and annoyance of the grievance procedure. Such harms clearly do not amount to irreparable injury. Renegotiation Board v. Bannercraft Co., 415 U.S. 1, 24, 94 S.Ct. 1028, 1040, 39 L.Ed.2d 123 (1974); Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938); Frey v. Commodity Exchange Authority, 547 F.2d 46 (7th Cir. 1976). By proceeding to arbitration, plaintiff does not waive any objections it may have to the arbitrability of the issues presented. Local 719, etc. v. National Biscuit Co., 378 F.2d 918 (3rd Cir. 1967); American Can Co. v. United Papermakers and Paperworkers, 356 F.Supp. 495 (E.D.Pa. 1973); Humble Oil & Refining Co. v. Local Union 866, 271 F.Supp. 281 (S.D.N.Y.1967). In any subsequent court action to either confirm or vacate the arbitrator's decision, the court must make an independent determination of the issue of arbitrability. Mobil Oil v. Local 8-766, Oil, Chemical & Atomic, 600 F.2d 322 (1st Cir. 1979). Under these circumstances, it is hard to see how plaintiff is irreparably harmed by proceeding with arbitration even though it may dispute the arbitrability of the issue.
Judicial intervention into the grievance procedure should not be without sufficient justification. The Supreme Court has repeatedly recognized that arbitration is favored in the scheme of industrial relations. The promulgation and wide acceptance of grievance procedures throughout industry in this nation has been greatly responsible for the reduction of industrial unrest.
Coupled with this predisposition toward the arbitration of disputes is the policy that the courts should not reach out to decide disputes which are not properly before them. The proper procedures must necessarily be observed before a court should exercise its power. Similarly, the prerequisites to the granting of injunctive relief must be met. This is especially so in the context of labor arbitration, where judicial intervention is best preserved as a last resort.
Together, these principles counsel against the granting of an injunction which would stay arbitration. Arbitration of disputes, even if the result is a finding by the arbitrator of non-arbitrability, may help to relieve tensions between employer and employee. American Mfg. Co., supra, 363 U.S. at 568 n. 6, 80 S.Ct. at 1346 n. 6, quoting Cox, Current Problems in the Law of Grievance Arbitration, 30 Rocky Mt. L.Rev. 247, 261 (1958). Injunctive relief is therefore inappropriate.