**BEN GUTMAN TRUCK SERVICE, INCORPORATED, Appellant,**

v.

**TEAMSTERS LOCAL NO. 600, Appellee.**

No. 80-1174.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1980.

Decided Dec. 31, 1980.

Gerald M. Richardson, St. Louis, Mo., for appellant.

Stephen H. Gilmore, St. Louis, Mo., for appellee.

Before LAY, Chief Judge, HENLEY, Circuit Judge, and HANSON, District Judge.*

PER CURIAM.

Ben Gutman Truck Service, Inc. (Gutman) is a St. Louis trucking operation which is a signatory to national and regional collective bargaining agreements with the International Brotherhood of Teamsters, Local No. 600 (Teamsters). Gutman brought this action under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, seeking injunctive and declaratory relief from grievance procedures invoked by Teamsters members pursuant to the agreements.

In 1979, Gutman's sole owner and president, Ben Gutman, Jr., invested in a new trucking company, the National Distribution Co. (NDC). NDC's president was George Bennett, formerly a vice–president at Gutman. NDC's employees were not represented by the Teamsters. The formation of NDC coincided with layoffs at Gutman. On January 7, 1980, laid–off Gutman employees filed grievances alleging that NDC was performing work traditionally performed by Gutman employees, in violation of several provisions of the agreements.[1] A grievance proceeding was scheduled, prompting Gutman to bring this action.

The district court denied the relief sought on the grounds that on their face these grievances stated claims which were proper subjects for grievance procedures and arbitration. *Ben Gutman Truck Service, Inc. v.*

*Teamsters Local No. 600*, 484 F.Supp. 893, 894–95 (E.D.Mo.1980). On appeal Gutman argues that this was actually a dispute over representation of NDC's employees. Since the agreements specifically exclude representational matters from the grievance procedures, Gutman claims injunctive and declaratory relief should have been granted.

We agree with the district court that the grievances state claims which fall within the grievance procedures set forth in the agreements. The judgment is affirmed on the basis of the district court's discussion of this issue.[2]

AFFIRMED, see Rule 14.

---

* William C. Hanson, Senior District Judge, Northern and Southern Districts of Iowa, sitting by designation.

1. Article 32 forbids subcontracting, transferring, leasing, assigning, or conveying work except as otherwise provided in the agreements.

2. The district court also concluded that even if the matter was non–arbitrable it would not grant an injunction because Gutman had failed

to show irreparable harm. *Ben Gutman Truck Serv., Inc. v. Teamsters Local No. 600*, 484 F.Supp. at 895–96. Since we have concluded that the grievances state claims that are within the agreements' grievance and arbitration provisions, we need not reach the question of whether an employer is irreparably harmed when a matter is improperly submitted to grievance procedures.