**DISTRICT NO. 9, INTERNATIONAL AS-SOCIATION OF MACHINISTS AND AEROSPACE WORKERS, Plaintiff,**

v.

**SPARKLET DEVICES, INC., Defendant.**

No. 85–2739–C–(C).

United States District Court, E.D. Missouri, E.D.

April 2, 1986.

On Motion to Alter or Amend May 6, 1986.

---

Janet Young, Clayton, Mo., for plaintiff.

Tim Garnett, St. Louis, Mo., for defendant.

## MEMORANDUM

MEREDITH, District Judge.

Plaintiff and defendant have moved for summary judgment. For the reasons set forth below, plaintiff's motion will be granted. This Court has jurisdiction pursuant to 29 U.S.C. § 185.

The relevant facts are as follows. Plaintiff is a labor organization and a party to a collective bargaining agreement with the defendant employer. Plaintiff filed a grievance on behalf of a former, probationary employee. Defendant made a contribution to a health and welfare plan on behalf of the employee for July, 1985. Defendant refused to make further contributions because the probationary employee was terminated during July, 1985. Plaintiff sought to have the matter reviewed under the grievance procedure set forth in the collective bargaining agreement. Defendant refused to follow the grievance procedure, claiming that the dispute was not covered by the agreement.

When the parties to a collective bargaining agreement have agreed to submit questions of contract interpretation to an arbitrator, the function of a court is limited to ascertaining whether the dispute is governed by the contract. *United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564, 567–68, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403 (1960); *Local 589, Intern. Ladies' Garment v. Kellwood Co.*, 592 F.2d 1008, 1011 (8th Cir.1979); *Ben Gutman Truck Serv. v. Teamsters Local No. 600*, 484 F.Supp. 893, 894 (E.D. Mo.1980). Whether the party seeking arbitration is right or wrong is a question of contract interpretation for the arbitrator, and the courts will not weight the merits of the grievance. *United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564, 568, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403 (1960). Judicial inquiry is confined to deciding whether the party who refuses to arbitrate agreed to arbitration in the collective bargaining agreement. *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–83, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409 (1960).

Federal labor policy favors arbitration as the method for resolving disputes.

Thus, motions seeking arbitration should not be denied unless the arbitration clause can only be interpreted against arbitration. Doubts should be resolved in favor of coverage. *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–83, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409 (1960); *Local 589, Intern. Ladies' Garment v. Kellwood Co.*, 592 F.2d 1008, 1011 (8th Cir.1979); *Ben Gutman Truck Serv. v. Teamsters Local No. 600*, 484 F.Supp. 893, 894 (E.D.Mo.1980).

■ In the case at bar, the collective bargaining agreement defines grievance as a complaint involving the meaning or interpretation of the collective bargaining agreement and provides a detailed procedure, including arbitration, for resolving grievances. The collective bargaining agreement contains one exclusionary clause which states: "Probationary employees, during the first sixty (60) working days of employment, may be discharged or laid off at anytime with or without cause, and no reason need be assigned therefor and the probationary employee has no recourse to the grievance procedure." It is unclear whether this grievance procedure limitation only applies to probationary employee discharge disputes or to all matters concerning probationary employees. Doubts concerning the interpretation of this clause must be resolved in favor of arbitration. Therefore, plaintiff's motion for summary judgment will be granted.

## ON MOTION TO ALTER OR AMEND

This matter is before the Court upon plaintiff's motion to alter or amend an April 2, 1986 order and memorandum to clarify the duties of each party. Defendant has moved to alter or amend the same order, or in the alternative for relief from the order pursuant to Rule 60 of the Federal Rules of Civil Procedure. The Court's April 2, 1986 order was clear on its face, but the order will be clarified in light of a recent Supreme Court opinion. For the reasons set forth below, plaintiff's motion to amend the order and memorandum, compelling defendant to arbitrate the issue in dispute, will be granted. Defendant's motion will be denied.

The relevant facts are as follows. Plaintiff is a labor organization and a party to a collective bargaining agreement with the defendant employer. Plaintiff sought to have a dispute concerning a probationary employee reviewed under the grievance procedure set forth in the collective bargaining agreement. Defendant refused to follow the grievance procedure, claiming that the dispute was not covered by the agreement. The collective bargaining agreement between the parties set forth a detailed procedure, including arbitration, for resolving grievances. The agreement contained an exclusionary clause concerning probationary employees. This court ruled that, "[i]t is unclear whether this grievance procedure limitation only applies to probationary employee discharge disputes or to all matters concerning probationary employees. Doubts concerning the interpretation of this clause must be resolved in favor of arbitration." Defendant argues that the Court's ruling means that the issue of arbitrability is unclear and must be reconsidered in light of *AT & T Technologies, Inc., v. Communications Workers of America*, —— U.S. ——, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). Defendant's argument is without merit.

■ The issue of arbitrability, whether the collective bargaining agreement creates a duty for the parties to arbitrate the particular grievance, is an issue for the court, not the arbitrator, to decide. *AT & T Technologies, Inc.*, 106 S.Ct. at 1419–20; *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–83, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409 (1960). When the collective bargaining agreement contains an arbitration clause, there is a presumption of arbitrability unless it can be said with positive assurance that the arbitration clause does not cover the asserted dispute. *AT & T Technologies, Inc.*, 106 S.Ct. at 1419–20.

■ In the present case, the dispute between plaintiff and defendant falls within

the arbitration clause of their contract, and the dispute must be submitted to arbitration. The meaning of the exclusionary clause is what is unclear, but its interpretation is for the arbitrator, and not this Court. *See AT & T Technologies, Inc.*, 106 S.Ct. at 1419–20.

In *AT & T Technologies, Inc. v. Communications Workers of America,* —— U.S. ——, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986), the Supreme Court clarified the law concerning labor arbitration, and this Court's April 2, 1986 order and memorandum are consistent with its principles. No error has been shown in the Court's order and memorandum; consequently, plaintiff's motion will be granted. Defendant will be ordered to arbitrate the present dispute. Defendant's motion will be denied. Plaintiff is not entitled to attorney's fees. *See General Drivers, Etc. v. Sears, Roebuck & Co.,* 535 F.2d 1072, 1076 (8th Cir.1976).